On December 29, 1997, Aaron L. Wood was indicted by a Franklin County grand jury on one count of felonious assault with a firearm specification, in violation of R.C. 2903.11, and one count of having a weapon while under disability, in violation of R.C. 2923.13. The indictment charged him with the November 1997 shooting of Alvin Sales.
A jury trial commenced on June 16, 1998. The jury ultimately returned guilty verdicts on both counts. Following a sentencing hearing, the court journalized the verdicts and sentence pursuant to an entry filed July 7, 1998.
Aaron L. Wood (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The Appellant was deprived of the fair trial guaranteed by the United States and Ohio Constitutions due to the misconduct of the prosecution in closing argument.
The test for prosecutorial misconduct in this context is "* * * whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused."State v. Lott (1990), 51 Ohio St.3d 160, 165, citing State v.Smith (1984), 14 Ohio St.3d 13, 14-15.
Appellant contends that prejudicial error occurred during the rebuttal portion of the prosecution's closing argument when the prosecution misstated the law and, in so doing, made an improper and inaccurate suggestion to the jury. Specifically, the assistant prosecutor stated:
 I am glad that [defense counsel] finished with the fact that the state of Ohio has an incredible responsibility. He said that the state of Ohio has a job to do. Because I was beginning to think in the beginning of his closing [argument] that this was all about the defendant and his freedom. Well, you're going to be instructed by the judge that you are not to consider the issue of punishment. The judge is the one who will decide whether or not the defendant has freedom or gets probation. Your job is to decide the facts * * *. (Tr. 201-202; emphasis added.)
Defense counsel objected and a bench conference ensued, at which time the trial judge told the prosecution to "finish up with punishment and get on with it."
Appellant is correct that if convicted as charged, including the gun specification, the prosecution's suggestion that he might receive probation is legally inaccurate. Mandatory language of R.C. 2929.13 provides, in pertinent part:
 (F) * * * [T]he court shall impose a prison term * * * for any of the following offenses:
* * *
 (7) Any offense * * * that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony * * *. (Emphasis added.)
The parties agree with the general premise that the issue of punishment is usually inappropriate for closing argument. We agree with appellant that the prosecution technically violated this rule. However, our inquiry does not end with the determination that misconduct occurred.
A closing argument going beyond the record may constitute error; however, the argument "* * * must * * * be reviewed in its entirety to determine if the prosecutor's remarks were prejudicial." State v. Moritz (1980), 63 Ohio St.2d 150, 157, citing State v. Burgun (1978), 56 Ohio St.2d 354, 366. In such an analysis, a significant factor is "whether the misconduct was an isolated incident in an otherwise properly tried case."State v. Keenan (1993), 66 Ohio St.3d 402, 410
Appellant contends that this isolated reference to possible punishment resulted in the requisite prejudice, to the extent that he received an unfair trial. We disagree. We cannot conclude that he has demonstrated prejudice by arguing that the effect of this "strategy" was necessarily to suggest to the jury that a guilty verdict would result in a lenient sentence,i.e., probation versus imprisonment.
Our review of the record establishes overwhelming evidence of appellant's guilt, including the testimony of the victim, who had known appellant and his family for years. Immediately after being shot, the victim named appellant as the gunman to the police and soon thereafter identified him when presented with a photo array. He made a consistently positive in-court identification. The victim's testimony was strongly corroborated by other prosecution witnesses. Indeed, appellant prudently raises no direct argument suggesting that the verdicts were against the manifest weight of the evidence or unsupported by sufficient evidence.
Furthermore, the trial court gave the jury very specific instructions regarding their role as factfinder only, charging them as follows:
 Punishment. Very simply, you are not to consider it. You may not discuss it. It is simply not the jury's function to have any consideration whatsoever of punishment. Your duty is confined to the determination of the guilt or innocence of the defendant and to the determination of * * * [the firearm specification]. In the event that there is a guilty finding on any criminal charge, the responsibility of determining punishment rests upon the judge. That is my problem, not your problem. (Tr. 223-224.)
The state emphasizes the well-established presumption that a jury will follow the instructions given by the judge. State v.Loza (1994), 71 Ohio St.3d 61, 79.
Based upon the foregoing, we hold that appellant has failed to demonstrate prejudicial error to the extent he was denied a fair trial. The state of the record before us simply does not support such a finding.
Appellant's assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and PETREE, J., concur.