THE STATE OF OHIO, APPELLANT, v. SMITH, APPELLEE.

[Cite as State v. Smith (1984), 14 Ohio St. 3d 13.]

(No. 84-80—Decided November 7, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. George J. Sadd* and *Mr. Robert V. Housel,* for appellant.

*Levin & Levin Co., L.P.A., Mr. Dennis P. Levin* and *Mr. Jack M. Levin,* for appellee.

*Per Curiam.* The sole issue presented in this case is whether the prosecution's remarks in rebuttal closing argument constituted prejudicial conduct sufficient to require reversal of Smith's conviction. This court concludes that the statements by the prosecution went beyond the record, were not substantiated by the evidence and characterized the defense in derogatory terms clearly designed to sway the jury. This misconduct substantially prejudiced Smith's rights and warrants reversal.

The prosecution is normally entitled to a certain degree of latitude in its concluding remarks. *State* v. *Woodards* (1966), 6 Ohio St. 2d 14, 26 [35 O.O.2d 8], certiorari denied (1966), 385 U.S. 930; *State* v. *Liberatore*

(1982), 69 Ohio St. 2d 583, 589 [23 O.O.3d 489]. A prosecutor is at liberty to prosecute with earnestness and vigor, striking hard blows, but may not strike foul ones. *Berger* v. *United States* (1935), 295 U.S. 78, 88. The prosecutor is a servant of the law whose interest in a prosecution is not merely to emerge victorious but to see that justice shall be done. It is a prosecutor's duty in closing arguments to avoid efforts to obtain a conviction by going beyond the evidence which is before the jury. *United States* v. *Dorr* (C.A. 5, 1981), 636 F. 2d 117.

The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. *United States* v. *Dorr, supra,* at 120. To begin with, the prosecution must avoid insinuations and assertions which are calculated to mislead the jury. *Berger* v. *United States, supra,* at 88. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. *State* v. *Thayer* (1931), 124 Ohio St. 1; DR 7-106(C)(4) of the Code of Professional Responsibility. Moreover, the code provides that an attorney is not to allude to matters which will not be supported by admissible evidence, DR 7-106(C)(1), and "* * * [a] lawyer should not make unfair or derogatory personal reference to opposing counsel. * * *" EC 7-37.

In the present case, the assistant prosecutor referred to defense evidence as "lies," "garbage," "garbage lies," "[a] smoke screen," and "a well conceived and well rehearsed lie." In addition, the assistant prosecutor intimated that defense counsel had suborned perjury by manufacturing, conceiving and fashioning lies to be presented in court. There was no evidence to substantiate these accusations. Such conduct is well beyond the normal latitude allowed in closing arguments and is clearly improper.

The prosecution contends that its remarks were provoked by defense counsel on the same subject and should therefore be excused. An examination of the record reveals that neither counsel acted as officers of the court. Both sides flagrantly ignored the rulings and admonitions of the trial judge during closing arguments. But the frustration of the prosecutor does not justify his improper comments. This court is unable to discover any evidence in the record of similar attacks made by the defense counsel on the personal integrity of prosecuting counsel. Nor were there allegations that the prosecution fabricated evidence.

A similar situation was presented in *State* v. *Liberatore, supra.* There, the prosecution commented at length on inferences to be drawn from facts which were not in evidence, characterized the defendant in terms designed to inflame the jury, and expressed personal opinions as to the credibility of a witness and the guilt of the accused. This was held to be unprofessional conduct which prejudiced the defendant's rights to such an extent as to require reversal. The conduct in the present case is no less improper.

It is also clear that this misconduct prejudicially affected substantial rights of the defendant. The prosecution argues that any error was

harmless in view of the sufficiency of the evidence to sustain a conviction. It also urges that there was no prejudice because the court instructed the jury that closing arguments were not evidence. These contentions are without merit.

To begin with, in cases of such flagrant misconduct on the part of the prosecution as was present here, the general instruction that arguments of counsel are not to be considered as evidence was insufficient to correct the error. There was no more specific instruction from the court. In view of the fact that improper insinuations and assertions of personal knowledge by the prosecution are apt to carry great weight against the accused when they should properly carry none, *Berger* v. *United States, supra,* at 88, some more definite guidance from the court was required.

Furthermore, it is not enough that there be sufficient other evidence to sustain a conviction in order to excuse the prosecution's improper remarks. Instead, it must be clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found defendant guilty. *United States* v. *Hasting* (1983), 76 L. Ed. 2d 96, 107. In the present case, this court cannot say, beyond a reasonable doubt, that the jury would have found defendant guilty had there been no misconduct on the part of the prosecution.

For the foregoing reasons this court concludes that the improper remarks by the prosecution in rebuttal closing argument prejudicially affected Smith's substantial rights. The judgment of the court of appeals, reversing and remanding for a new trial, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.