Defendant Craig Paul Jones appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of felonious assault in violation of R.C.2903.11 with a firearm specification, after a jury found him guilty. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 (1) DEFENDANT'S CONVICTION ON ONE COUNT OF FELONIOUS ASSAULT WITH A FIREARM SPECIFICATION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 (2) THE PROSECUTING ATTORNEY COMMITTED PROSECUTORIAL MISCONDUCT BY MAKING IMPROPER AND PREJUDICIAL REMARKS DURING CLOSING AND REBUTTAL CLOSING ARGUMENTS INCLUDING:
 (A) INTIMATING THAT DEFENSE COUNSEL HAD SUBORNED PERJURY.
 (B) ATTACKING DEFENSE COUNSEL IN A MANNER THAT INFLAMED THE JURY AND THEREBY PREJUDICED APPELLANT'S RIGHTS.
At trial, the state's version of the incident was that Appellant entered the home of Elaine Byrom at approximately 4 a.m., and threatened her with a handgun. Byrom's boyfriend, Curtis Nicholson, came to the apartment and engaged in an altercation with Appellant. Appellant threatened Nicholson with the handgun. Eventually both men exited the apartment and Appellant fired two shots at Nicholson. Two Canton police officers, who were patrolling the neighborhood, heard the gunshots and proceeded to the area, where they encountered a witness who informed them one man was chasing another in the neighborhood. Upon his arrest, Appellant told the officers he had been at his ex-girlfriend's apartment that night when her new boyfriend showed up, and he and the new boyfriend got into a fight.
At trial, appellant testified in his own defense, alleging he had called Byrom and told her he was coming to her apartment. Appellant testified Byrom gave her consent to his visit. During the visit, appellant and Byrom had an argument, and Nicholson arrived to throw him out of the apartment. Appellant testified he told Nicholson he was not going to fight over a woman, but Nicholson punched him. Appellant testified Nicholson chased him and it was Nicholson who fired two shots at him.
 I
In his first assignment of error, Appellant argues the evidence presented against him was insufficient to sustain his conviction. Appellant asserts the state failed to present proof beyond a reasonable doubt that he knowingly caused or attempted to cause physical harm to another by use of a deadly weapon or dangerous ordinance.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explored the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if the judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered at trial in support of one side of the issue, Thompkins
at 387, citations deleted.
Appellant argues Byrom never saw who fired the handgun, although she testified Appellant had pulled the gun in her apartment. The arresting officer testified he never observed appellant with a gun.
We have reviewed the record, and we find there was sufficient competent and credible evidence from which the jury could believe Appellant fired the gun at Nicholson. Accordingly, and we find the verdict is not contrary to the sufficiency and manifest weight of the evidence.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant claims the prosecutor committed prejudicial misconduct in his closing argument. Appellant cites two incidents of impropriety. First, the prosecutor told the jury defense counsel "spoon fed" one of the defense witnesses his testimony, giving the clear implication the prosecutor believed defense counsel had suborned perjury. Secondly, Appellant argues the prosecutor informed the jury Appellant and his attorney had concocted the story he and Nicholson had fought.
In State v. Smith (1984), 14 Ohio St.3d 13, the Ohio Supreme Court set forth the standard for reviewing prosecutorial misconduct claims. We must determine whether the remarks were improper, and if we find they were, whether the remarks prejudicially affected the substantial rights of the defendant,Smith at 14, citing United States v. Dorr (C.A. 5, 1981),636 F.2d 117, 120.
We have reviewed the prosecutor's comments, and we find they were improper. However, this court is unprepared to say the remarks prejudicially affected appellant's substantial rights. Taken in the context of the entire trial, we find these remarks were isolated, and the reliability of the appellant's trial is not in question. We also note appellant failed to object to the first alleged incident of misconduct, wherein the prosecutor suggested defense counsel had "spoon fed" the witness. In the second incident, appellant did object, and in fact the court sustained his objection. Appellant did not request a curative instruction, nor did he move for a mistrial. Appellant waived any relief.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to Appellant.
--------------------
--------------------
 -------------------- JUDGES