A Chillicothe Municipal Court jury found Thomas McCray guilty of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). McCray appeals, asserting that the trial court erred when it failed to declare a mistrial as a result of the prosecuting attorney's misstatement of law in her closing argument. McCray also asserts that the trial court erred by overruling his objection to the prosecuting attorney's statement. We disagree, because it is clear beyond a reasonable doubt that the jury would have found McCray guilty even absent the prosecuting attorney's allegedly improper remark. Accordingly, we affirm the judgment of the trial court.
 I.
In the early morning hours of March 7, 1998, Ohio State Highway Patrol Sergeant John Moore observed McCray driving his pick up truck in the left turn lane on State Route 159 and weaving back and forth. Where the lane turned into a grass median strip, McCray weaved into the driving lane and drifted onto the right berm. Sgt. Moore activated his pursuit lights, but McCray turned onto U.S. Route 23 instead of pulling his truck off to the side of the road and stopping. Sgt. Moore followed McCray onto the U.S. Route 23 entrance ramp and activated his siren.
With his lights and siren activated, Sgt. Moore followed McCray for over one mile before McCray pulled over and stopped. Sgt. Moore approached McCray, and immediately noticed a strong odor of alcohol. He also noticed that McCray's eyes were red and glassy and that he slurred his words. McCray could not find his license, registration, or insurance card.
At Sgt. Moore's direction, McCray exited his vehicle to perform a field sobriety test. Sgt. Moore noticed that McCray was unsteady on his feet, staggered, and needed support to stand. Sgt. Moore then administered the horizontal gaze nystagmus test ("HGN"), and detected all six possible clues for intoxication. Sgt. Moore placed McCray under arrest and took him to the law enforcement complex.
At the law enforcement complex, Sgt. Moore asked McCray to submit to a urine test to determine its alcohol content. McCray refused.
At trial, McCray admitted to visiting several bars during the hours just prior to his arrest, but testified that he consumed only two beers that evening. McCray further testified that his eyes were glassy because he was exhausted from working all day and searching for his truck, which his fiance allegedly stole the previous evening, all night. Finally, McCray stated that his arthritis caused him to stagger and lean on objects when standing.
In her closing argument, the prosecutor urged the jury to convict McCray "[b]ecause he was drinking and driving. That, my friends, is against the law." McCray objected to the prosecutor's statement as a misstatement of law, asserting that drinking and driving is only against the law if the drinking impairs the driver. The trial court overruled McCray's objection, found that the prosecutor's statement merely constituted argument, and stated that the court would instruct the jury as to the law. The trial court then immediately instructed the jury as to the offense of operating a motor vehicle while under the influence of alcohol. The jury returned a unanimous guilty verdict.
McCray asserts the following assignments of error on appeal:
 I. THE TRIAL COURT ERRED IN FAILING TO DECLARE A MISTRIAL AS A RESULT OF THE PROSECUTING ATTORNEY'S MISSTATEMENT OF LAW DURING HER CLOSING ARGUMENT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED APPELLANT'S OBJECTION TO THE PROSECUTING ATTORNEY'S MISSTATEMENT OF LAW.
 II.
McCray asserts that the trial court erred in failing to declare a mistrial after the prosecutor stated that drinking and driving is against the law. McCray contends that the prosecutor's statement prejudiced him by leading the jury to believe that consuming alcohol before driving violates the law regardless of whether the consumption of alcohol impaired the driver.
To determine whether comments made by a prosecutor during closing argument amount to misconduct warranting a mistrial, we must examine "whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Smith (1984), 14 Ohio St.3d 13, 14. A prosecutor is afforded a certain degree of latitude in her concluding remarks. State v. Keenan (1993), 66 Ohio St.3d 402,409. If the prosecutor makes a misstatement, we must review the closing argument in its entirety and consider the nature of the remark, the strength of the totality of evidence against the defendant, whether the defendant objected, and whether the court gave corrective instructions. See State v. Hill (1996),75 Ohio St.3d 195, 204; State v. Hopfer (1996), 112 Ohio App.3d 521,561; State v. Mann (1993), 93 Ohio App.3d 301, 312. If it is clear beyond a reasonable doubt that the jury would have found the defendant guilty absent the prosecutor's misstatement, the defendant is not entitled to a new trial.Smith at 14; Hopfer at 561-562. Through this analysis we are mindful of the principal that, while due process requirements exist to insure a fair trial, the constitution does not guarantee an error-free perfect trial. United States v. Hasting
(1983), 461 U.S. 499, 508-509.
In this case, the prosecutor dedicated the majority of her closing argument to recapping the evidence suggesting that McCray's driving ability was impaired. She did not argue that the mere fact that McCray admitted to drinking two beers required the jury to return a conviction. Thus, we find that the prosecutor's closing argument, taken in its entirety, was not improper. Moreover, even if the prosecutor misstated the law, the trial court corrected the inaccuracy by immediately declaring that the prosecutor's statement merely constituted argument and instructing the jury on the law.
Finally, we find that McCray was not prejudiced by the prosecutor's alleged misstatement because the strength of evidence against McCray in this case is overwhelming. The evidence showed that McCray: was at a bar immediately prior to his arrest, consumed alcohol that evening, smelled strongly of alcohol, had glassy eyes, slurred his speech, drove in the wrong lane and weaved heavily in his own lane, stumbled as he walked, and failed the HGN test. Based upon these factors, we find, beyond a reasonable doubt, that the jury would have returned a verdict of guilty even absent the prosecutor's alleged misstatement.
 III.
In his second assignment of error, McCray contends that the trial court erred by overruling his objection to the prosecutor's misstatement. Because we determined in our analysis of McCray's first assignment of error that McCray was not prejudiced by any improper remarks the prosecutor made, we find McCray's second assignment of error moot. Accordingly, we decline to address it. App. R. 12(A)(1)(c).
 IV.
In conclusion, we find that the prosecutor's closing argument, taken in its entirety, was proper. Additionally, to the extent that the prosecutor misstated the law, McCray suffered no prejudice.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.