JOURNAL ENTRY AND OPINION
Defendant-appellant Eddie Wynn ("appellant") appeals from his conviction for one count of gross sexual imposition and the finding that appellant is a sexual predator and a sexually oriented offender.
Appellant assigns the following errors for review:
 I. THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS PROVIDED UNDER THE STATE AND FEDERAL CONSTITUTIONS WAS VIOLATED WHEN HE WAS EXCLUDED FROM THE COMPETENCY HEARING FOR THE ALLEGED CHILD VICTIM, SINCE THIS HEARING WAS A CRITICAL STAGE OF THE PROSECUTION AT WHICH SUBSTANTIAL EVIDENCE WAS PRESENTED.
 II. BECAUSE NANCY FORD'S NAME HAD BEEN INCLUDED IN THE DEFENSE'S DISCOVERY LIST, THE PROSECUTOR COMMITTED MISCONDUCT BY COMMENTING TO THE JURY THAT THE DEFENSE DID NOT CALL HER TO TESTIFY AND THE TRIAL COURT ERRED BY NOT STRIKING THE IMPROPER COMMENT.
 III. THE TRIAL COURT CONTRAVENED THE PROCEDURAL REQUISITES IMPOSED BY SECTION 2950.09 OF THE REVISED CODE WHEN IT ADJUDICATED THE APPELLANT TO BE A SEXUAL PREDATOR AND THEREBY VIOLATED HIS RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND OF OHIO.
 IV. BECAUSE THE TRIAL COURT DID NOT STATE THAT IT FOUND THAT THE EVIDENCE CLEARLY AND CONVINCINGLY ESTABLISHED THAT THE APPELLANT WAS LIKELY TO COMMIT OTHER SEXUALLY ORIENTED OFFENSES, AND BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT THE APPELLANT IS A SEXUAL PREDATOR, THE TRIAL COURT ERRED BY CLASSIFYING HIM AS SUCH AND THEREBY DENIED HIM DUE PROCESS OF LAW AS GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS.
 V. THE APPELLANT'S CLASSIFICATION AS A "SEXUAL PREDATOR" AND THE CORRESPONDING REGISTRATION REQUIREMENTS IMPOSED UPON HIM CONSTITUTE AN UNREASONABLE EXERCISE OF POLICE POWER AND VIOLATES HIS RIGHTS UNDER THE NATURAL LAW PROVISIONS OF SECTION 1, ARTICLE I OF THE OHIO CONSTITUTION.
 VI. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM PRISON (SIC) UPON FINDING THAT THE APPELLANT HAD COMMITTED THE WORST FORM OF THE OFFENSE BECAUSE THE RECORD DOES NOT SUPPORT THAT FINDING.
Finding the third assignment of error to have merit, the judgment of the trial court is affirmed in part and reversed in part.
 I.
On May 6, 1998, the grand jury indicted appellant for two counts of gross sexual imposition, both with a sexually violent predator specification, and two counts of assault on a peace officer. The charges stemmed from an incident which occurred on April 19, 1998.
On that date, Cleveland Police Officers Delgado and Marazzi responded to a report that a female juvenile had been sexually assaulted. The officers arrived at the residence of Nancy Ford shortly after 10:00 p.m. and observed appellant through the open door being held by one male while another man punched appellant in the face. The officers identified themselves and told the men to stop fighting. Appellant broke away from the two men when they looked at the officers. Appellant tried to attack the man who had been hitting him. Four other men grabbed appellant and began pummeling him.
Appellant was thrown through the door by the men. After a brief struggle, appellant was handcuffed and placed in the police zone car. The officers deduced that appellant was intoxicated upon noticing a strong smell of alcohol, hearing appellant's slurred speech, and observing appellant's mood swings.
The officers began interviewing the witnesses. Seven-year old Donita Pendleton was crying and shaking. She related to the officers that appellant had sat next to her in the living room of her cousin's home. Appellant grabbed her arm and whispered for her to "touch his thing." Appellant placed Donita's hand on his penis and began a rubbing motion.
Riley Moncrief stated that he was in the living room at the time. Moncrief saw appellant pull Donita close to him and whisper something to the child. Appellant exposed his penis before concealing it under the top of his jogging suit. Appellant put Donita's hand under his shirt. Moncrief went into the kitchen and told his girlfriend Nancy Ford about what he had seen. Ford then told her cousin, Stella Pendleton, the child's mother. Pendleton went into the living room where she saw Donita sitting in appellant's lap. Appellant's hand was on top of both of Donita's hands. Pendleton brought Donita into the kitchen and questioned the little girl about the incident. After awhile, Donita admitted that appellant had her touch his private part. Someone left to call the police. The fighting began as the other adults in the house learned of what had happened.
Donita also stated that appellant molested her earlier that day at her own home. Appellant spent the night on the couch in the dining room. Donita got up early that morning to watch cartoons on the television which was in the dining room. Appellant placed his hand underneath Donita's shorts and panties and rubbed her hard. Appellant said he would "whoop" Donita if she told anyone about what had happened.
Police officers Delgado and Marazzi returned to the police station. They informed appellant he was under investigation for rape and gross sexual imposition against Donita. Appellant became loud and angry. Appellant stated that Donita was lying and that Donita had known what she was doing. Appellant became belligerent, throwing an elbow which struck Officer Marazzi, rocking Marazzi back.
Before trial commenced, the trial court conducted a competency hearing to determine if Donita could testify. The prosecutor and defense counsel were present but the trial court excluded appellant from the hearing. The trial court found that Donita was competent to testify.
Appellant testified in his own defense. He admitted to having a prior conviction for aggravated robbery. Appellant had stayed with the Pendleton family for about a week before the incident in question. Appellant denied ever touching Donita in an inappropriate way. Appellant also denied that he intentionally struck a police officer.
The jury acquitted appellant of the two assault charges and of the gross sexual imposition charge relating to the alleged touching of Donita which occurred in the morning of April 19, 1998. The jury returned a finding of guilty on the gross imposition charge for the incident at Nancy Ford's home.
The trial court held a hearing to adjudicate the sexually violent predator specification. The trial court determined appellant was not a sexually violent predator but found him to be a sexual predator and a sexually oriented offender.
 II.
Appellant's first assignment of error presents a due process argument in which appellant contends his rights were violated by his exclusion from the competency hearing. Appellant maintains that, because Donita testified about the crime itself, the trial court abridged his due process right to be present at all stages of the proceedings.
In Kentucky v. Stincer (1987), 482 U.S. 730, the United States Supreme Court held that a defendant's exclusion from the competency hearing of a witness did not violate the Confrontation Clause. Stincer went on to address whether the defendant's rights under the Due Process Clause of the Fourteenth Amendment were violated by his exclusion from the hearing. The court observed that a defendant has the right to be present at any stage of the criminal proceeding that is critical to the outcome of the trial if the defendant's presence would contribute to the fairness of the procedure. The court went on to state:
 We conclude that respondent's due process rights were not violated by his exclusion from the competency hearing in this case. We emphasize again, the particular nature of the competency hearing. No question regarding the substantive testimony that the two girls would have given during trial was asked at that hearing. All the questions, instead, were directed solely to each child's ability to recollect and narrate facts, to her ability to distinguish between truth and falsehood, and to her sense of moral obligation to tell the truth. Thus, although a competency hearing in which a witness is asked to discuss upcoming substantive testimony might bear a substantial relationship to a defendant's opportunity better to defend himself at trial, that kind of inquiry is not before us in this case.
Id. at 745-746. A defendant at least should be able to indicate what he could have done or gained by attending the competency hearing. Id. at 747.
In Ohio, a defendant "has a fundamental right to be present at all critical stages of his criminal trial." State v. Hill (1995),73 Ohio St.3d 433, 444. However, this right is not absolute.State v. Meade (1997), 80 Ohio St.3d 419, 421. Errors of constitutional dimension are prejudicial only where a fair and just hearing is thwarted by the defendant's absence. State v. White
(1998), 82 Ohio St.3d 16.
A defendant cannot be excluded from testimonial proceedings where his knowledge might assist his counsel. State v. Woods
(1982), 8 Ohio App.3d 56. Generally, the defendant's presence is guaranteed when testimony of witnesses is to be received. State v.Williams (1969), 19 Ohio App.2d 234, 241. Crim.R. 43(A) provides in part that the defendant shall be present at every stage of the trial.
Here, the trial court asked Donita what had happened with appellant to establish that she had a clear memory of what happened and could relate the facts. Donita replied that appellant was at her house and touched her private part. Donita stated she was sitting on the couch when appellant was looking for his glasses. He located his glasses and then touched her legs and her private part. Donita went on to relate that they went over to her cousin's house where appellant made her touch his private part. Appellant told Donita that if she told anyone, he would "whoop" her.
Under Ohio law, a trial court must consider the following factors in determining the competency of a child under the age of ten years:
 (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful.
State v. Frazier (1991), 61 Ohio St.3d 247, syllabus. Under Frazier, a trial court may inquire into some of the facts regarding the incident at issue. See State v. Malone (Dec. 1, 1998), Franklin App. No. 98AP-278, unreported. A brief inquiry to determine if the child has formed just impressions of the facts about which he or she is to testify is not prejudicial. See Statev. Hall (Mar. 23, 1994), Montgomery App. No. 13695, unreported.
Appellant has not stated how he was prejudiced by his exclusion from the competency hearing. There was no question about the identity of the alleged offender or any surprise in the brief recitation of the facts about the alleged occurrences. The trial court stated it would ask some questions about the incidents in order to make sure Donita had a clear memory and could relate the facts. The trial court's short inquiry regarding the facts of the incident for the purposes of fulfilling the requirements of Frazier did not prejudice appellant.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant contends the prosecutor committed misconduct by commenting in closing argument that appellant did not call Nancy Ford as a witness. Appellant argues that Crim.R. 16(C)(4) prevents the prosecution from making any reference about the failure to call a witness who had been named on the defense's discovery list. Appellant asserts that the comments were prejudicial because the implication was that the witness was not called because her testimony would damage the defense.
A prosecuting attorney's conduct during trial does not constitute a ground for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19,24. "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982),455 U.S. 209, 219. The effect of the prosecutor's alleged misconduct must be considered in light of the whole trial. Statev. Maurer (1984), 15 Ohio St.3d 239, 266.
The remarks to which appellant objects occurred during closing argument. The test regarding prosecutorial misconduct in closing argument is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant.State v. Smith (1984), 14 Ohio St.3d 13, 14. A prosecutor is afforded wide latitude in closing arguments. State v. Jacks
(1989), 63 Ohio App.3d 200, 210. It is within the trial court's sound discretion to determine if a prosecutor has gone beyond the bounds permitted. State v. Benge (1996), 75 Ohio St.3d 136. A judgment will not be reversed if it is clear beyond a reasonable doubt that, absent the prosecutor's remarks, the jury would have found the defendant guilty. State v. Loza (1994), 71 Ohio St.3d 61,78.
During the closing argument of the defense, counsel attempted to raise reasonable doubt by stating that the prosecution had not called various witnesses such as anyone from Human Services, the detective who investigated the case, or the doctors who treated Donita, implying that this testimony would have contradicted that of Donita. The prosecutor answered this argument by stating: "Why didn't you hear from this person? Why didn't you hear from that person?" (Tr. 619) The prosecutor then stated that appellant had the same right to subpoena witnesses as did the state. The prosecutor commented that the defense chose not to call the witnesses which the defense then claimed were important in closing argument. Both the state and defense have latitude in responding to the arguments of opposing counsel. Loza, supra at 78. The comments to which appellant objects were made in direct response to the defense's argument. The prosecutor's conduct was appropriate.
Appellant's second assignment of error lacks merit.
 IV.
In his third assignment of error, appellant contends the trial court could not adjudicate him to be a sexual predator under R.C.2950.09 once he was acquitted of the sexually violent predator specification. Appellant submits that none of the provisions of R.C. 2950.09 permitted the trial court to make that determination following the acquittal on the specification.
R.C. 2950.09(A) applies only if a defendant is convicted of committing a sexually violent offense and a sexually violent predator specification. The jury convicted appellant of the sexually violent offense of gross sexual imposition with a person of less than thirteen years in violation of R.C. 2907.05(A)(4). However, the trial court acquitted appellant of the sexually violent predator specification.
R.C. 2950.09(B)(1) requires a trial court to hold a hearing to determine if a person is a sexual predator if the defendant committed a sexually oriented offense which is not a sexually violent offense or if the person is convicted of a sexually violent offense for which a sexually violent predator specification was not included in the indictment. Since appellant was indicted for the sexually violent predator specification, R.C. 2950.09(B) is not applicable.
R.C. 2950.09(C) only applies to those defendants convicted prior to January 1, 1997. R.C. 2950.09(E) concerns those defendants who are convicted of a sexually oriented offense on or after January 1, 1997, and had a previous conviction for a sexually oriented offense.
In State v. Macht (June 11, 1999), Hamilton App. No. C-980676, unreported, the First District Court of Appeals addressed this very same issue. The court held that, because the defendant was found not guilty of the sexually violent predator specification, he could not be adjudicated a sexual predator under R.C. 2950.09. See alsoState v. Harrod (Oct. 8, 1999), Hamilton App. No. C-990018, unreported.
The reasoning of the Hamilton County Court of Appeals is persuasive. There are no provisions of R.C. 2950.09, as it is currently drafted, which permit a trial court to adjudicate a defendant to be a sexual predator once he has been acquitted of a sexually violent predator specification.
Appellant's third assignment of error has merit.
 V.
Based upon the disposition of the third assignment of error, appellant's fourth assignment of error is moot.
 VI.
Appellant's fifth assignment of error asks this court to follow the reasoning and holding of State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. This court repeatedly has declined to adopt the reasoning of the Lake County decision. See State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73062, 73063, 73064, unreported; State v. Sarli (June 3, 1999), Cuyahoga App. No. 74292, unreported; State v. Hart (Mar. 18, 1999), Cuyahoga App. No. 73307, unreported; State v. Boyce (Mar. 11, 1999), Cuyahoga App. No. 73375, unreported; State v. Souers (Mar. 11, 1999), Cuyahoga App. No. 72660, unreported; State v.Eppinger (Mar. 11, 1999), Cuyahoga App. No. 72686, unreported.
Appellant's fifth assignment of error is overruled.
 VII.
Appellant's sixth assignment of error challenges the length of his sentence. The trial court sentenced appellant to the maximum term of five years. The trial court stated as follows:
 Well, based on the testimony of this — in the trial, this really was pretty awful, pretty silly, too, and but an awful thing for this child, and I find that because of the set of circumstances, including the tender age of the child and the — I find persuasive the statements to the officer that this girl knew exactly what she was doing or words to that effect, I think the chances for that — well, strike that. I think this offense represents the most serious form of the offense contemplated under the statute and, additionally, the fact that it happened while he was on parole and after he'd been in prison for twelve years lead me to believe that leniency isn't warranted in this.
(Tr. 710). Appellant contends that the trial court did not state any reasons for finding that appellant committed the worst form of the offense. Appellant maintains that the record does not support the trial court's finding that this was the most egregious instance of gross sexual imposition. Appellant points out that the child did not suffer any physical harm and there was no evidence of emotional or psychological trauma.
R.C. 2929.14(C) provides:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
When the trial court imposes the maximum sentence, it must state its reasons for doing so on the record. State v. Gray (Mar. 4, 1999), Cuyahoga App. No. 72940, unreported.
Once the trial court imposes the maximum sentence pursuant to R.C. 2929.14(C), this court will review the sentence to determine whether the record supports the sentence by clear and convincing evidence or if the sentence is contrary to law. R.C.2953.08(G)(1)(a) and (d); State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported. Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, the evidence must produce "in the mind of the trier of facts a firm belief or conviction of the facts sought to be established." In re Brown
(1994), 98 Ohio App.3d 337, 343. The record must affirmatively support the trial court's decision.
This court has required the trial court to state which provision of R.C. 2929.13(C) it relied upon in sentencing the defendant to the maximum sentence. State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported. While the trial court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Statev. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported. The trial court must consider the factors set forth in R.C. 2929.12
regarding the seriousness of the offense and the likelihood of recidivism. State v. Mushrush (June 18, 1999), Hamilton App. No. C-980658, unreported.
The term "worst" offender connotes more that just an evaluation of the victim's injuries. State v. Garrard (1997),124 Ohio App.3d 718. Other factors related to the crime are as important as the injuries suffered by the victim. Here, the trial court noted the tender age of the victim and mentioned the circumstances of the crime brought forth in testimony in determining that the offense fell in the worst category. A review of the record shows that appellant boldly committed the act against the seven-year old in a house full of people while under the influence of alcohol. Further, as the trial court pointed out, appellant was on parole at the time for a charge of aggravated robbery.
The trial court did not err by sentencing appellant to the maximum sentence permitted by law for gross sexual imposition.
Appellant's sixth assignment of error is not well-taken.
Judgment affirmed in part and reversed in part.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J.,CONCUR.
 ______________________________ LEO M. SPELLACY, Judge