DECISION.
Defendant-appellant Earl Ingels appeals from his conviction on four counts of kidnapping, two with specifications that the kidnapping was sexually motivated, two counts of gross sexual imposition, one count of abduction, and one count of attempted abduction. Ingels's sole assignment of error is that prosecutorial misconduct in closing argument deprived him of a fair trial before a jury. Although the trial techniques of defense counsel and the assistant prosecutor fell below the expected threshold of professionalism, we hold that, in light of the overwhelming evidence of guilt, the prosecutor's improper comments did not deprive Ingels of a fair trial.
Ingels was accused of drugging and committing sexual acts on eight female job applicants. He contends that, despite his objections, the trial court permitted numerous improper comments by the assistant prosecutor in her closing argument. Specifically, he argues that the prosecutor appealed to the jury's sympathy for the victims, stressed the nature of the crimes rather than the evidence linking Ingels to them, claimed defense counsel impeded access to exhibits admitted at trial, characterized defense objections as desperate acts, introduced her husband to the jury during the rebuttal portion of closing argument, and invited the jury to answer questions posed by the defense in contravention of the trial court's role in instructing the jury.
The test for whether prosecutorial misconduct may serve as the basis for reversing a conviction is whether the prosecutor's remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. See State v. Bey
(1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484, 493; see, also,State v. Lott (1990), 51 Ohio St.3d 160, 555 N.E.2d 293. The linchpin of the analysis is "whether the conduct complained of deprived the defendant of a fair trial." State v. Fears (1999),86 Ohio St.3d 329, 332, 715 N.E.2d 136, 143, citing State v.Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400.
Upon review of the record, it is clear that both defense counsel and the prosecutor, prompted by their own personal animosity for one another, engaged in conduct not suited to officers of the court. See State v. Smith (1984), 14 Ohio St.3d 13, 14,470 N.E.2d 883, 885. Defense counsel's scorched-earth tactics included her cross-examination of a state's witness on matters wholly outside the issues, and asking whether the prosecutor had an adulterous affair with the Prosecuting Attorney of Hamilton County.
While a prosecutor may be entitled to respond to defense counsel's argumentative assertions, see, e.g., State v. Mason (1998),82 Ohio St.3d 144, 694 N.E.2d 932, and State v. Daniels (1993),92 Ohio App.3d 473, 636 N.E.2d 336, he or she cannot engage in improper conduct. Here, taken in context, all challenged comments, save one, fall within the wide latitude afforded the prosecutor when commenting upon the testimony and suggesting the conclusions to be drawn therefrom. See State v. Liberatore
(1982), 69 Ohio St.2d 583, 433 N.E.2d 561; see, also, State v.Goodwin (1999), 84 Ohio St.3d 331, 703 N.E.2d 1251.
The latitude given the prosecutor does not, however, include inviting the jury to reach its verdict on matters outside the evidence. See State v. Lott (1990), 51 Ohio St.3d 160, 166,555 N.E.2d 293, 300. During the rebuttal phase of closing argument, the prosecutor introduced her husband, seated in the courtroom, as a victim of defense counsel's salacious allegation of infidelity. Regardless of whether this remark, as the state argues, was "invited" by defense counsel or whether the trial court permitted the prosecutor to proceed because it had earlier in the trial permitted defense counsel to comment on her husband's employment by the sheriff, this charade was palpably improper. As the supreme court has stated, "[T]he frustration of the prosecutor does not justify [her] improper comments." State v. Smith,14 Ohio St. 3d at 14, 470 N.E.2d at 885.
The second step of the analysis involves an examination of the entire record to determine if the prosecutor's arguments were so prejudicial that Ingels was denied a fair trial. "It is not enough that the * * * remarks were undesirable or even universally condemned." Darden v. Wainwright (1986), 477 U.S. 168, 181,106 S.Ct. 2464, 2471. The remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo (1974), 416 U.S. 637,643, 94 S.Ct. 1868, 1871; see State v. Apanovitch (1987), 33 Ohio St.3d 19,24, 514 N.E.2d 394, 400. To make that determination, the prosecutor's conduct should be assessed within the context of the entire case, and more particularly the entire closing argument, to determine whether it was prejudicial. See State v.Keenan (1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209.
Here, there was overwhelming evidence of Ingels's guilt, including testimony of his victims, urinalysis tests revealing the presence of lorazepam or benzodiazepine in several victims' urine, and lorazepam tablets discovered behind a picture frame at Ingels's house. We hold, therefore, that the improper comments by the prosecutor did not so prejudice the jury as to deny Ingels a fair trial and require reversal of his conviction. See State v. Bey
(1999), 85 Ohio St.3d 487, 495, 709 N.E.2d 484, 494. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., Gorman and Painter, JJ.