JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Cordale Daniels, appeals his conviction for felonious assault, with accompanying firearm specifications, after a jury of the Cuyahoga County Common Pleas Court found him guilty of these offenses. For the reasons that follow, we reverse the decision of the trial court and remand for a new trial.
 {¶ 2} On December 31, 2001, appellant was residing with his mother, Lillian Daniels ("Lillian"), and several other siblings in an apartment on Community College Boulevard when his sister, Teresa, stopped by to retrieve some articles of clothing for her children. It appears from the record that the relationship between Teresa and her mother was strained, which had resulted in Teresa leaving the residence at Lillian's request sometime prior to this date. While some harsh words were apparently spoken during Teresa's return, Teresa eventually left the residence only to return shortly thereafter with her boyfriend, Chris Brown, and several of his siblings. An altercation ensued and Lillian was able to get a neighbor to call the police.
 {¶ 3} Teresa fled the residence and entered a vehicle driven by Tanya Brown, Chris's sister. Lillian and another daughter, Kimberly, were near the vehicle but not inside. Appellant, fearing for his mother's and Kimberly's safety, testified that he took a gun from someone on the scene and shot at the vehicle in an attempt to thwart any harm to his mother and sister when it appeared to him that the vehicle was dragging his mother and sister. Instead, the bullet lodged in the seat of the car near Tanya Brown, the driver of the vehicle.
 {¶ 4} Appellant was eventually indicted for attempted murder and felonious assault, both with one- and three-year firearm specifications. A jury trial ensued and appellant was found not guilty of attempted murder but guilty of felonious assault and the accompanying firearm specifications. Having no criminal record, appellant was sentenced to an aggregate five-year term of incarceration, which is the minimum sentence available for these offenses.
 {¶ 5} Appellant is now before this court and assigns four errors for our review. Because we find appellant's second and fourth assignments of error dispositive of this appeal, we will discuss them together and out of turn.
 I. {¶ 6} In his second assignment of error, appellant contends, in part, that he was denied a fair trial because of the prosecutor's misconduct. In particular, he complains that the prosecutor elicited testimony from a defense witness that appellant's brother was incarcerated for a serious felony, thereby inferring that appellant likewise was susceptible to committing a serious felony. Similar to this assignment of error is appellant's fourth assignment of error, wherein he claims that the trial court erred in admitting this witness's testimony.
 {¶ 7} Generally, the conduct of a prosecuting attorney at trial will not be grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19,24; State v. Maurer (1984), 15 Ohio St.3d 239, 266. A criminal defendant is entitled to a new trial only when the prosecutor's improper questions or remarks prejudicially affected the rights of the accused. State v.Smith (1984), 14 Ohio St.3d 13. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether, absent the improper questions or remarks, the jury still would have found the appellant guilty. State v. Maurer, 15 Ohio St.3d at 266. Here, appellant claims that the testimony regarding his brother's criminal background and current incarceration was irrelevant and prejudicial, thereby denying him a fair trial. We agree.
 {¶ 8} Appellant called Cleveland Police Officer John Lundy as a character witness. Officer Lundy testified that he had known appellant and his brother, Kevin, for several years and that his relationship to appellant was essentially that of a "big brother." The substance of his testimony was that appellant had never been in trouble before and was overall a "great kid." During cross-examination, however, the prosecutor inquired as to Kevin's whereabouts at the time of trial. Over defense objection, the officer testified that Kevin was presently incarcerated for a "serious felony offense."
 {¶ 9} "PROSECUTOR: * * * Where's Kevin now?
 {¶ 10} "DEFENSE COUNSEL: Objection.
 {¶ 11} "THE COURT: Overruled.
 {¶ 12} "PROSECUTOR: Where's Kevin now?
 {¶ 13} "OFFICER LUNDY: Kevin is in jail.
 {¶ 14} "PROSECUTOR: For what?
 {¶ 15} "OFFICER LUNDY: Getting in trouble.
 {¶ 16} "PROSECUTOR: For what crime, sir?
 {¶ 17} "OFFICER LUNDY: Some serious felonies.
 {¶ 18} "THE COURT: Officer, just tell us the names of the felonies, would you please.
 {¶ 19} "PROSECUTOR: Officer, can you answer the question?
 {¶ 20} "OFFICER LUNDY: No.
 {¶ 21} "PROSECUTOR: You don't know what Kevin is in for?
 {¶ 22} "OFFICER LUNDY: No.
 {¶ 23} "PROSECUTOR: You know it's a serious felony.
 {¶ 24} "OFFICER LUNDY: I know it's a serious felony.
 {¶ 25} "PROSECUTOR: Do you know if it involved violence at all?
 {¶ 26} "OFFICER LUNDY: Yes.
 {¶ 27} "PROSECUTOR: Did it involve someone dying?
 {¶ 28} "OFFICER LUNDY: Yes."
 {¶ 29} Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. While the admission or exclusion of relevant evidence rests within the sound discretion of the trial court, irrelevant evidence is inadmissible. See State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus; see, also, Evid.R. 402.
 {¶ 30} We fail to see how the criminal history of appellant's brother would have any bearing on whether appellant committed the offenses for which he was charged. "A prosecutor is at liberty to prosecute with earnestness and vigor, striking hard blows, but may not strike foul ones." State v. Smith, 14 Ohio St.3d at 14. While the prosecutor has a duty to present all relevant evidence bearing on the guilt of the defendant, the prosecutor may not elicit irrelevant evidence in order to "arouse a feeling of antipathy against the defendant * * *."State v. Cloud (1960), 112 Ohio App. 208, 212; see, also, State v. Young
(1966), 7 Ohio App.2d 194, 196-98.
 {¶ 31} We find the criminal history and current incarceration of appellant's brother to be clearly irrelevant to the issue of whether appellant feloniously assaulted Tanya Brown. The prosecutor elicited this testimony solely for the purpose of casting doubt on appellant's character by raising the inference that appellant similarly had a propensity to commit "a serious felony." Moreover, the trial court encouraged this line of questioning by requesting that the officer inform the court of the "names of the felonies." We cannot condone such conduct from either the prosecutor or the trial court under the guise that, absent this conduct, the jury would have found appellant guilty nonetheless. "It is not enough that there be sufficient other evidence to sustain a conviction in order to excuse *** the prosecutor's misconduct. It must be clear beyond a reasonable doubt that absent the prosecutor's misconduct, the jury would have found the defendant guilty." State v.Maurer, 15 Ohio St.3d at 267; State v. Smith, 14 Ohio St.3d at 15; see, also, United States v. Hasting (1983), 461 U.S. 499; 103 S.Ct. 1974,76 L.Ed.2d 96, 107.
 {¶ 32} We cannot say, beyond a reasonable doubt, that the jury would have found defendant guilty had there been no misconduct on the part of the prosecution. In this case, appellant had never before been in trouble and, in fact, appears to have been able to escape many of the ills sustained by like individuals in his community. For that he is to be commended. While that background does not excuse whatever conduct may have led to the present charges, it is indefensible for the trial court to allow the prosecutor to impugn that stellar background with evidence of his brother's criminal history and incarceration, events that bear no connection to the charges facing appellant. Without the taint of this inadmissible evidence, we cannot say that the jury would have found appellant guilty beyond a reasonable doubt. This court, therefore, concludes that the improper questioning by the prosecution prejudicially affected appellant's substantial rights, thereby denying him a fair trial.
 {¶ 33} Appellant's second and fourth assignments of error are, therefore, sustained.
 II. {¶ 34} Due to our disposition of appellant's second and fourth assignments of error, we need not discuss his first and third assignments of error. See App.R. 12(A)(1)(c).
 {¶ 35} The judgment of the trial court is reversed and remanded for a new trial.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and DIANE KARPINSKI, J., concur.