{¶ 50} While I concur in the majority's decision regarding assignments of error I, III, IV, V, and VI, I must respectfully dissent from the majority's decision with respect to assignment of error II. The privilege against self incrimination is one of the quintessential rights afforded by the Fifth Amendment to the U.S. Constitution. The right of a suspect to consult an attorney during questioning is derivative of his right to remain silent.Wainwright v. Greenfield (1986), 474 U.S. 284, 298-299
(Rehnquist, J., concurring). The majority cites the Ohio Supreme Court's decision in State v. Leach, (2004),102 Ohio St. 3d 135, but concludes that it is inapplicable to these facts, as the comments regarding the Appellant's invocation of his right to counsel were not used as substantive evidence of guilt. I disagree.
 {¶ 51} The questions posed by the prosecutor to the officer did not directly elicit testimony as to whether the Appellant had invoked his right to counsel. However, by the fifth time the question was asked, it had certainly become apparent to the prosecutor that the witnesses would continue to "volunteer" commentary about the desire of the accused to speak to an attorney. To suggest, as the majority does, that the comments do not violate the Fifth Amendment because they were "introduced as evidence of the course of the investigation" is to ignore the court's holding in Leach. The State therein argued that evidence of the invocation of the right of the accused to counsel was introduced as evidence of the "course of investigation". The appellate court found the argument to be unpersuasive, and the Ohio Supreme Court agreed.
 {¶ 52} In Leach, the court stated:
"Sergeant Corbett's testimony that he had made an appointment to meet with Leach to discuss the case but that the appointment was not kept is legitimate. However, we do not find the testimony that Leach stated that he wanted to speak with an attorney before speaking with police to be a statement explaining the course of the investigation. The information was not material to the jury's determination of guilt or innocence. Rather, the state now concedes that it intended to lead the jury to one conclusion by using evidence of Leach's pre-arrest silence in its case-in-chief: that innocent people speak to police to clear up misunderstandings, while guilty people consult with their attorneys." Id. at ¶ 32.
The fact that the state herein had the same purpose is borne out in the closing argument of the prosecutor:
"He's trying to fool everybody. That's why those facts are important, see, because they show that he knowingly committed this act. Because if it was an accident, he wouldn't need to put on that show. He wouldn't have what said, when the police came up to him and say, `Did you stab Matt Twigg?'
"`No. Well, I'll make a statement after I talk to my lawyer.'
"You say, `Look, you know, he fell on the knife. I passed out. I don't recall now how it happened, but he fell on the knife.'
"Or, `How's he doing?' How about that? How about that one time?"
The clear inference is this: had the accused been innocent, he would have spoken to the police and explained what happened, but because he knew he was guilty, he chose to consult with his attorney. As did the majority in Leach, I would "conclude that the state's substantive use of [Appellant's] pre-arrest, pre-Miranda silence substantially subverts the policies behind the Fifth Amendment privilege against self incrimination and is not a legitimate governmental practice." Leach, at ¶ 37. Under these circumstances, it was plain error for the trial court to allow the statements of the witnesses regarding the desire of the accused to maintain his silence until he spoke with an attorney and to allow the prosecution's comments upon his silence in closing arguments.
 {¶ 53} I also believe, however, that the majority misstates Appellant's burden when it relies solely upon the plain error doctrine and asserts that Appellant has not shown that the result of his trial would have been different absent the alleged errors. While the gratuitous statements of the witnesses were not objected to during the trial, Appellant's counsel did object to the prosecutor's closing argument remarks regarding his request for an attorney. The objection was overruled, and no specific curative instruction was given to the jury regarding the reference made by the prosecutor. Accordingly, the Appellant's argument regarding prosecutorial misconduct was properly preserved for appellate review. As a result, "it is not enough that there be sufficient other evidence to sustain a conviction in order to excuse the prosecution's improper remarks. Instead, it must be clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found defendant guilty." State v. Smith (1984), 14 Ohio St.3d 13, 15, citingUnited States v. Hasting (1983), 461 U.S. 499, 510-511. The majority did not analyze the facts under this standard. Under this standard, it is not clear beyond a reasonable doubt that the jury would have convicted the Appellant without the prosecutor's comments. The error assigned is one of constitutional magnitude that could not be cured by a general instruction given by the trial court advising the jury that comments made by attorneys during closing argument are not evidence. See generally, Bruton v. United States (1968),391 U.S. 123 (finding that some constitutional violations are not overcome by curative instructions).
 {¶ 54} Finally, as was the case in Leach, had the record below contained overwhelming evidence upon which a conviction would stand apart from this error, my decision would be different. Factually, however, this conviction is based primarily upon circumstantial evidence which can hardly be considered overwhelming. The last statements made by the victim suggested that the injury was inflicted as a result of an accident. The jury was free to determine the credibility of those statements as it chose, but not at the expense of the Appellant'sFifth Amendment right to counsel. Under these circumstances, the State's inference that the Appellant was guilty based upon his invocation of his right to counsel is presumed to have swayed the jury. Based upon the error committed below, I would reverse and remand for a new trial.