JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Marshall Herring ("Herring") appeals his conviction after a bench trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Herring was indicted with one count of drug possession in violation of R.C. 2925.11, a felony of the fifth degree, and two counts of drug trafficking in violation of R.C. 2925.03, both felonies of the fifth degree. Herring waived a jury and was tried to the bench. Two Cleveland police detectives testified for the state, and Herring testified on his behalf. Testimony revealed that this was a "buy-bust" operation and Herring was the seller. Herring testified that he was not the seller and that he was mistakenly arrested. He was found guilty of all three counts.
 {¶ 3} Herring appeals and advances one assignment of error for our review, which states:
 {¶ 4} "Marshall Herring was denied his Constitutional right to a fair trial by the misconduct of the prosecutor in its cross-examination of Mr. Herring."
 {¶ 5} When addressing a claim for prosecutorial misconduct, "we must first determine whether the prosecutor's remarks were improper; if so, we then consider whether the remarks prejudicially affected substantial rights of the accused. Statev. Smith (1984), 14 Ohio St.3d 13, 14, 14 Ohio B. Rep. 317, 318,470 N.E.2d 883, 885. We evaluate the allegedly improper statements in the context of the entire trial. State v. Keenan
(1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209. An improper comment does not affect a substantial right of the accused if it is clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. Smith,
supra, 14 Ohio St.3d at 15, 14 Ohio B. Rep. at 319,470 N.E.2d at 885." State v. Treesh (2001), 90 Ohio St.3d 460, 464.
 {¶ 6} In the instant case, Herring complains that the prosecutor improperly asked him whether Donald Sterns ("Sterns") was going to testify to corroborate his story.
 {¶ 7} In State v. Davie, 80 Ohio St.3d 311, 331,1997-Ohio-341, the Supreme Court of Ohio considered a situation when the prosecutor commented about the defendant's failure to have a witness testify. The witness was not named on a discovery list pursuant to Crim.R. 16; therefore, the Court found that the rule did not apply to prohibit such comments. The Court went on to say that "comments that a witness other than the accused did not testify are not improper." Id., citing State v. D'Ambrosio,67 Ohio St.3d 185, 193, 1993-Ohio-170. See, also, State v.Fannin, Cuyahoga App. No. 79991, 2002-Ohio-6312; State v.DeMarco (Apr. 10, 1987), Cuyahoga App. Nos. 49747 50508.
 {¶ 8} Herring testified that he was walking and talking with his friend Sterns when he was mistakenly arrested. The prosecutor asked whether Sterns was going to testify to corroborate his story. Sterns was not on Herring's witness list. Therefore, the prosecutor's question was not improper.
 {¶ 9} Next, Herring contends that the prosecutor improperly asked him whether the detectives were lying when they testified.
 {¶ 10} In State v. Brewer (June 22, 1995), Cuyahoga App. No. 67782, this court addressed the issue of whether a defendant is denied a fair trial when he is asked on cross-examination whether a police officer is lying. This court stated, "a conviction may be reversed because of prosecutorial misconduct where it is determined that the prosecutor's remarks were improper and that the remarks had a prejudicial effect on substantial rights of the defendant. [Citations omitted.] A new trial will be ordered only where the outcome of the trial would clearly have been different but for the alleged misconduct." Id. See, also, State v. Moronta (Aug. 24, 1995), Cuyahoga App. No. 67967.
 {¶ 11} We find that although it may have been improper to ask Herring whether the detectives were lying during their testimony, there was no indication that Herring would have been acquitted absent the improper conduct of the prosecutor. Furthermore, there is a presumption in a bench trial in a criminal case that the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. State v. Post (1987),32 Ohio St.3d 380, 384. There is no indication that the trial court considered anything but what was relevant and admissible.
 {¶ 12} Herring's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concur.