{¶ 137} I respectfully dissent. I would reverse Walton's convictions based on his fourth and eighteenth assignments of error alleging improper question or comment by the prosecutor and ineffective assistance of counsel. *Page 35 
 {¶ 138} Walton argues that he was denied effective assistance of counsel when counsel failed to object to the prosecutor's improper question to Officer Petranek, and improper comment during closing argument. I agree.
 {¶ 139} Walton claims that it was improper for the prosecutor to ask
Officer Petranek whether the victim's "behavior seem[ed] to be consistent with rape victims that [he] met with in the course * * * of [his] work." He further claims that it was improper for the prosecutor to stress the importance of this testimony in closing argument when he asked the jury why Officer Petranek testified "the way he did; that they picked [the victim] up, her behavior was consistent to that of a sexual assault victim."
 {¶ 140} The majority dismisses this testimony because the officer did
not testify that he "believed the victim." I find the officer's statement to be the functional equivalent of his testifying that he believed the victim.
 {¶ 141} This court has previously held that "the opinion of a witness as to whether another witness is being truthful is inadmissible."State v. Potter, Cuyahoga App. No. 81037, 2003-Ohio-1338, citingState v. Miller (Jan. 26, 2001), Montgomery App. No. 18102. "In our system of justice it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses." State v. Eastham (1988), 39 Ohio St.3d 307,530 N.E.2d 4. *Page 36 
 {¶ 142} Thus, the admission of testimony, which declares that the victim's statements were truthful, acts as a litmus test of the key issue in a case and infringes upon the role of the fact finder, who is charged with making determinations of veracity and credibility. Id.
 {¶ 143} In the instant case, Officer Petranek essentially testified to his opinion concerning the victim's truthfulness. He testified that the victim acted just like other rape victims. Because jurors are likely to perceive police officers as expert witnesses, especially when such officers are giving opinions about the present case based upon their perceived experiences with other cases, Petranek's testimony, in effect, declared that the victim's statements were truthful and that Walton raped her. See Miller. As such, his testimony infringed upon the role of the jury which, as the fact finder, was charged with assessing the veracity and credibility of the victim. This extremely prejudicial testimony coupled with the prosecutor's comment stressing this improper testimony in closing argument infringed on the jury's role and denied Walton a fair trial, especially in light of the jury's finding him guilty of only one count of rape.
 {¶ 144} If there had been overwhelming evidence of Walton's guilt, then the prosecutor's error and counsel's ineffectiveness might be harmless beyond a reasonable doubt. Here, the evidence is not overwhelming and the victim's credibility is critical to the State's case. Aside from her bruises and *Page 37 
contusions noted in the hospital record, no other evidence corroborates her version of the night's events. The State's bolstering her credibility with the officer's testimony about her conduct prejudicially affected Walton's substantial rights. I cannot say, beyond a reasonable doubt, that the jury would have found Walton guilty had there been no misconduct by the prosecutor. See State v. Smith (1984),14 Ohio St.3d 13.
 {¶ 145} Therefore, I would reverse and remand for a new trial. *Page 1