{¶ 30} I concur with the majority opinion and write separately because I would also find no merit to appellant's second assignment of error even when considering the merits. As an added basis for overruling appellant's second assignment of error, I would find that the prosecutor's remarks during his closing arguments were not prejudicial.
 {¶ 31} The closing remarks dealt not only with the drug charge but also with the domestic violence charge on which appellant was acquitted. Much of the prosecutor's closing argument addressed the domestic violence charge. The prosecutor did spend some time addressing the drug charge. He first addressed the drug charge in the initial part of his closing argument. Appellant does not allege that the prosecutor made any improper comments here. Next, appellant's counsel made its closing argument. The prosecutor then made the rebuttal portion of his closing argument. It was not until the very end of his closing remarks that the prosecutor made the statement that appellant now takes issue with. The prosecutor stated:
 {¶ 32} "And I'm not silly enough to tell you that when I touched those drugs here today, I'm committing a crime, but I'm going to ask you something. If you have got any Darvocet, you give it to me, I put it in this coffee cup, I walk out of here, you think I committed a crime because they are not prescribed to me, even though they are not in the original container? If you want to put your Darvocet in that and walk out of here, I can care less, because that Darvocet was prescribed to you. That's what that law says. Otherwise, I can go out on the street in two hours and buy 21 Darvocet off the street, okay? I will put them in any container I want and the law — and I haven't violated the law? All I've got to do is find some jackass in this county that will give me his prescription and say that they came from my doctor that did this, okay?That's why they are rampant throughout the streets. People are sellingtheir medications." (Emphasis added; Tr. 27).
 {¶ 33} Appellant objected at this point and the court sustained the objection ordering that the statement about drugs being rampant on the streets be stricken. *Page 11 
(Tr. 27-28). The prosecutor then continued, but he first told the jury, "Disregard that." (Tr. 28).
 {¶ 34} The above quoted portion of the prosecutor's closing argument came after a back-and-forth argument in closing remarks between the prosecutor and appellant's counsel. The prosecutor told the jury that possessing prescription drugs that were not prescribed for the person in possession of the drugs in an unmarked container is a violation of the law. (Tr. 5-6). Appellant's counsel told them that it was not. (Tr. 19-24). The prosecutor then attempted to get his point across that such possession of drugs was illegal and tried to illustrate this point by making the above quoted comments.
 {¶ 35} Parties are generally afforded wide latitude in closing arguments. State v. Spivey (Jan. 13, 1997), 7th Dist. No. 89-CA-172;State v. Smith (1984), 14 Ohio St.3d 13. When reviewing whether a prosecutor's remarks during closing arguments were prejudicial, we must view the closing argument in its entirety. State v. Treesh (2001),90 Ohio St.3d 460, 466; State v. Moritz (1980), 63 Ohio St.2d 150, 157. I would conclude that when we view the prosecutor's closing argument in its entirety, it becomes apparent that the prosecutor simply made one inappropriate comment in an otherwise proper closing argument.
 {¶ 36} Furthermore, when appellant objected to the improper comment about drug sales in the streets, the court ordered the statement stricken and the prosecutor himself told the jury to disregard that statement. Based on the court's order to strike the comment and on the prosecutor's statement to the jury to disregard the comment, it is reasonable to conclude that the jury did just that.
 {¶ 37} For these reasons, in addition to those expressed in the majority opinion, I would find that appellant's second assignment of error is without merit. *Page 1