OPINION
On May 29, 1998, Appellant Phyllis J. Lanier was cited for a red light violation following an automobile collision at the intersection of Brandt Pike and Fishburg Road in the city of Huber Heights. Appellant was traveling southbound on Brandt Pike, while Carolyn Carr, the driver of the other vehicle, was facing northbound on Brandt Pike, attempting to make a left turn onto Fishburg Road. Ms. Carr testified the light for Brandt Pike was red at the time Lanier entered the intersection; Appellant testified the light was yellow.
Several witnesses testified regarding the accident, including Appellant's three daughters, the police officer, and three independent witnesses. One witness was facing eastbound on Fishburg Road, attempting a right turn onto Brandt Pike. She testified that her light was red during the collision, but was unsure of the color of the light for Brandt Pike. Another witness, Mary Jo Baker, was heading south on Brandt, in the same direction as Lanier. She testified that she was in the left lane, and had come to a complete stop as the light for Brandt had turned red. After she stopped, she saw Lanier coming from behind in the right lane of Brandt. Ms. Baker then testified that Lanier proceeded into the intersection one or two seconds after the light had turned red.
Finally, the defense called Mark Voge, who was jogging at the northeast corner of the intersection of Brandt and Fishburg at the time of the collision. He testified on direct examination that he witnessed the accident and at the time of the collision, the light for southbound Brandt Pike was yellow. On cross examination, the prosecutor asked Mr. Voge:
 Hello, sir, you were here a couple of weeks ago when this case was set for trial, were you not?
Yes, sir.
 Do you remember speaking to me out in the lobby of the old building?
(Objection was raised and then withdrawn)
 Do you remember speaking to me in the lobby of the old building?
Yes, I did.
 Do you remember me asking you whether or not you were aware of what the colors of the lights were for the various vehicles?
MR. SCHIFF: Now I'm going to object.
THE COURT: On what basis?
 MR. SCHIFF: This is improper. He's an attorney. He's either an attorney or a witness. He can't be asking questions like that. That's absolutely improper.
THE COURT: Overruled.
Do you remember me asking you that?
Yes, sir.
Didn't you tell me you really couldn't be for certain?
That's correct.
Following admission of all of the evidence, the trial court found Appellant guilty of the traffic control violation and not guilty of the seatbelt violation. She appeals this decision raising the following assignment of error:
The Prosecutor committed prejudicial and reversible error when he asked, over objection, a question which placed the Prosecutor's own personal credibility at issue to the detriment of Defendant.
The Supreme Court has held "the test for prosecutorial misconduct is whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused."State v. Lott (1990), 51 Ohio St.3d 160, 165, citing State v.Smith (1984), 14 Ohio St.3d 13, 14-15. We agree with the Appellant's contention that a prosecutor should not place his own credibility at issue in a case by in essence becoming a witness. See State v. Coleman (1989), 45 Ohio St.3d 298, 302. Further, we agree that a prosecutor may not put forth information which is not supported by the record under the guise of questioning a witness.State v. Smidi (1993), 88 Ohio App.3d 177, 183. However, the prosecutor in the present case did not commit either of these improprieties.
Evid. R. 611(B) allows cross-examination of a witness "on all relevant matters and matters affecting credibility." The trial court has broad discretion as to the scope and form of cross-examination. State v. Green (1993), 66 Ohio St.3d 141, 147. When questioning regarding a prior inconsistent statement, the cross-examiner is only required to have a good-faith belief that the witness actually made the statement. Fields v. Dailey (1990),68 Ohio App.3d 33, 42, citing State v. Gillard (1988), 40 Ohio St.3d 226, paragraph two of the syllabus, certiorari denied (1989), 492 U.S. 925, 109 S.Ct. 3263, 106 L.Ed.2d 608. In the present case, the prosecutor claims that he actually heard the witness make this statement. Furthermore, the witness admitted making the statement in response to the prosecutor's question.[1] Since Appellant has presented no evidence that the prosecutor did not have a good faith basis for asking this question, the foregoing is ample evidence that the prosecutor did have a good faith belief. See Fields, supra.
Moreover, prosecutorial misconduct cannot be a ground of error "unless the conduct deprives defendant of a fair trial."State v. Apanovitch (1987), 33 Ohio St.3d 19, 24, citing State v.Maurer (1984), 15 Ohio St.3d 239, 266. Even if the question asked by the prosecutor was improper, it was one question to one witness and did not constitute a pattern of egregious conduct. SeeApanovitch, supra. Further, there was sufficient evidence from the other witnesses to support the trial court's finding of guilt, regardless of the testimony of Mr. Voge.
Accordingly, Appellant's only assignment of error is overruled. Judgment of the trial court is affirmed.
YOUNG, J., and GLASSER, J., concur.
(Honorable George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, Sitting By Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Robert B. Coughlin
Thomas R. Schiff
Hon. James A. Hensley, Jr.
[1] Had Mr. Voge denied making the statement to the prosecutor, a mistrial might have been required. A prosecutor should avoid placing himself or herself in a situation where he or she might be required to testify in a criminal case.