JOURNAL ENTRY AND OPINION
Defendant Alfred Schlick appeals from his conviction for possession of cocaine in violation of R.C. 2925.11. For the reasons set forth below, we affirm.
On October 26, 1999, defendant was indicted for possession of cocaine in violation of R.C. 2925.11 in connection with his possession of a crack pipe which tested positive for cocaine residue. Defendant plead not guilty and moved to suppress the evidence and his statement at the time of arrest.
The state's evidence demonstrated that on June 17, 1999, Cleveland Police Officer Scott Hencke and his partner received a radio broadcast directing them to a parking lot at 1149 East 71st Street. The broadcast instructed him to complete a recovery report for a stolen Chevrolet Blazer. Upon arriving at the lot, Officer Hencke observed a Chevrolet Blazer directly ahead of him with two occupants. The passenger fled from the vehicle as the police approached and was pursued by Hencke's partner. Officer Hencke next observed defendant back up the Blazer, striking a barrier. Defendant then fled from the vehicle and hid behind it.
Officer Hencke testified that he grabbed defendant and had him place his hands on the vehicle. Hencke patted defendant down for weapons and felt a long, hard object. The officer stated that he did not know whether it was a knife or other weapon, so he removed it from defendant's pocket. The object was a crack pipe. Officer Hencke testified that he handcuffed defendant after finding the pipe and gave him the Miranda warnings. Defendant told the officer that his friend dropped him off in the area to buy crack.
Defendant was charged with possession of cocaine and was also charged with driving while under the influence of alcohol in a separate case under the jurisdiction of the Cleveland Municipal Court.
On cross-examination, Officer Hencke admitted that he could not be certain that the Blazer in which defendant was sitting was the Blazer which had been reported stolen and admitted that he could not see defendant's hands. Officer Hencke also admitted that in the proceedings before the Cleveland Municipal Court, he had stated that defendant was handcuffed before the pat-down search occurred.
The trial court denied the motion to suppress and the matter proceeded to trial on the merits before a jury on March 1, 2000.
Officer Hencke again outlined the events preceding defendant's arrest. He also established that the crack pipe was marked, and sealed in a bag for storage at the police station. Officer Hencke then completed the paperwork for a tow of defendant's vehicle and scanned the nearby area for the person who had dropped defendant off. He observed Mark Ducic sitting in a station wagon in which the column of the ignition had been peeled. Ducic was also arrested in this matter.
Erica Walker of the Cleveland Police Forensic Laboratory testified that she performed two tests and determined that the pipe contained cocaine residue.
Defendant elected to present evidence. Mark Ducic testified that he has convictions for possession of forged prescriptions, vandalism, aggravated assault, failure to comply with the order of a police officer and escape. He stated that defendant called him earlier in the evening and said that his truck had been stolen while he was visiting a friend. Defendant asked Ducic to come with him to the area of 71st Street and St. Clair to look for the vehicle. At around 2:45 a.m., while Ducic was waiting for defendant to search the area, the police approached Ducic and told him to leave the area. Ducic briefly looked for defendant then returned to the car where he was arrested.
Defendant was subsequently convicted of possession of cocaine. The trial court sentenced him to ten months incarceration, noting, inter alia, defendant's previous criminal record and substance abuse problems. Defendant now appeals and assigns two errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO SUPPRESS AS THE SEARCH CONDUCTED UPON DEFENDANT WAS DONE IN VIOLATION OF THE FOURTH AND FIFTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
Within this assignment of error, defendant argues that the police lacked probable cause to conduct the pat-down search which revealed the crack pipe. Specifically, defendant insists that Officer Hencke merely observed defendant committing a traffic offense. We disagree.
In Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that a police officer may make a brief, warrantless, investigatory stop of an individual, without probable cause, where the police officer reasonably suspects that the individual is or has been involved in criminal activity and is dangerous. The Supreme Court stated:
 * * * We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experiences that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
Id., 392 U.S. at 30, 88 S.Ct. at 1884-1885. The Terry Court explained:
 The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or others was in danger.
Id., 392 U.S. at 27, 88 S.Ct. at 1883.
As set forth in Adams v. Williams (1972), 407 U.S. 143, 146,92 S.Ct. 1921, 1923, 32 L.Ed.2d 612:
 The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence, and thus the frisk for weapons might be equally necessary and reasonable, whether or not carrying a concealed weapon violated any applicable state law. So long as the officer is entitled to make a forcible stop, and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose." In order to justify an investigative stop under Terry, supra,
a police officer must be able to articulate something more than an "inchoate and unparticularized suspicion or hunch." Terry,392 U.S. at 27, 88 S.Ct. at 1883. The Fourth Amendment requires a minimal level of objective justification for making the stop. INS v. Delgado (1984),466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247.
The United States Supreme Court has held that a court evaluating the validity of a Terry search must consider "the totality of the circumstances — the whole picture." United States v. Cortez (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621.
In Illinois v. Wardlow (2000), 528 U.S. 119, 120 S.Ct. 673,145 L.Ed.2d 570, the Supreme Court determined that the police had reasonable, articulable suspicion justifying a Terry search where, in a high crime area known for heavy narcotics trafficking, the defendant unprovokedly fled upon noticing police.
In State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus, the Supreme Court noted that the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. Citing State v. Freeman(1980),64 Ohio St.2d 291, paragraph one of the syllabus. The Bobo Court concluded that the totality of the following circumstances supported a finding of reasonable suspicion: the reputation of the area for criminal activity, the officer's experience with drug transactions, the officer's familiarity with the area and how drug transactions occurred there, the officer's perception of the scene, the officer's observation of furtive movements, and the fact that it was night. Id., at 179-180.
In this instance, the trial court did not err in denying the motion to suppress. The totality of the circumstances demonstrated that the police were on the scene in response to a broadcast regarding a stolen Chevrolet Blazer. Upon arriving at the scene, Officer Hencke observed defendant and another man in a Chevrolet Blazer. The other man immediately fled upon the arrival of the police. Defendant also fled from the vehicle and crouched down behind it. The testimony further demonstrated that Officer Hencke apprehended defendant and conducted a brief pat-down for weapons. In light of the report of the stolen vehicle, defendant's presence in a vehicle of the same make and model, and the actions of both men upon the arrival of the police, the officer was reasonably justified in believing that defendant was armed and presently dangerous and acted reasonably in conducting the instant pat-down search. Thus, because we must consider the totality of the circumstances, and dangerous criminal activity was apparent herein, we reject defendant's contention that this matter must be evaluated solely with regard to the improper backing which Officer Hencke observed. In this connection, the instant matter is distinguishable from State v. Jones (2000), 88 Ohio St.3d 430 and State v. Martin (Nov. 9, 2000), Cuyahoga App. No. 77593, unreported, as the arresting officers in those cases observed only minor misdemeanor offenses.
Further, with regard to defendant's contention that he was actually handcuffed prior to and not following the pat-down search, we note that there is no indication in the record that the trial court adopted this factual finding. In any event, the search does not fail under this scenario. A warrantless arrest is valid if the arresting officer possessed probable cause to believe that the suspect committed an offense. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225,13 L.Ed.2d 142. Probable cause to arrest exists if all the facts and circumstances within the officer's knowledge were sufficient to cause a prudent person to believe that the individual had committed or was committing an offense. Id.; State v. Otte (1996), 74 Ohio St.3d 555,559.
In determining whether probable cause to arrest exists, a reviewing court should examine the "totality of the circumstances." Illinois v. Gates (1983), 462 U.S. 213, 230-31, 103 S.Ct. 2317, 2328,76 L.Ed.2d 527. The relevant inquiry when examining the totality of the circumstances supporting probable cause "is not whether particular conduct is `innocent' or `guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." Id.,462 U.S. at 243-44 n. 13, 103 S.Ct. at 2335, 76 L.Ed.2d 527.
Here, given defendant's presence in a car which had been reported stolen, and the fact that both he and the passenger fled upon the arrival of the police and defendant then hid behind the vehicle, did, in our estimation, constitute probable cause for an arrest.
This assignment of error is without merit.
Defendant's second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND A FAIR TRIAL IN DENYING APPELLANT'S MOTION FOR A MISTRIAL DUE TO PROSECUTORIAL MISCONDUCT.
Defendant next complains that the prosecuting attorney engaged in misconduct in connection with her cross-examination of the witness for the defense.
The grant or denial of an order of mistrial lies within the sound discretion of the trial court. State v. Garner (1995), 74 Ohio St.3d 49,59. Absent a showing that the accused suffered material prejudice, a reviewing court will not disturb the exercise of that discretion. State v. Sage (1987), 31 Ohio St.3d 173, 182. "Moreover, mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." Garner, supra. Further, a jury is presumed to follow the instructions, including curative instructions, given it by a trial judge. See State v. Loza (1994), 71 Ohio St.3d 61, 75.
The test for prosecutorial misconduct is whether remarks were improper and, if so, whether the rights of the accused are materially prejudiced. State v. Smith (1984), 14 Ohio St.3d 13, 14. Prosecutors are entitled to latitude as to what the evidence has shown and what inferences can reasonably be drawn from the evidence." State v. Smith (1997),80 Ohio St.3d 89, 111.
In this case, defendant complains that the prosecuting attorney engaged in prejudicial misconduct when she cross-examined Ducic as to the length of time for which he was held, whether Ducic had forgotten any of his previous felonies, and whether Ducic was lying in this instance because he had a previous conviction for possession of a false prescription.
As to the first of these matters, the prosecuting attorney's implication that police held Ducic and defendant for less time than Ducic stated, we are simply unable to determine that defendant suffered material prejudice as the result of this remark. As to the remaining claims, the prosecuting attorney's questions reflected inferences which could be drawn from the record and did not introduce material prejudice. The trial court did not abuse its discretion in denying the motion for a mistrial.
This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., AND JOYCE J. GEORGE,* J., CONCUR.
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.