JOURNAL ENTRY and OPINION
A jury found defendant Michael Kelly guilty of one count of corruption of a minor, a thirteen-year-old, and found him not guilty of charges of rape and kidnapping. Defendant conceded he had intercourse with the victim, but rather improbably claimed he believed she was nineteen-years-old, despite first meeting her as she and her friend were walking into their middle school with book bags on their back. His sole assignment of error in this appeal is that the state committed misconduct in closing argument by (1) referring to his failure to subpoena a particular witness and (2) making an oblique reference to his possible drug dealing.
Prosecutorial misconduct in closing argument exists when the state makes improper remarks and the remarks prejudicially affect the substantial rights of the accused. See State v. Smith (1984),14 Ohio St.3d 13, 14-15. When determining whether misconduct occurred in closing argument, we consider "(1) the nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant." State v. Braxton (1995), 102 Ohio App.3d 28, 41.
The first claimed instance of misconduct occurred during the state's rebuttal argument and referenced a remark made by defense counsel to the effect that the state failed to call a medical doctor as a witness to describe the victim's demeanor after the alleged rape. The prosecuting attorney said, "[a]lso, if the defense wanted the doctor in, they have the same subpoena power as we do. They could have brought the doctor in if they felt it imperative." In this instance, the defense counsel invited comment and cannot now complain about appropriate rebuttal.
The state is permitted to point out the defense's failure to subpoena or otherwise produce witnesses who might prove the defense's theory of the case. See State v. Lane (1976), 49 Ohio St.2d 77, 86, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3148, 57 L.Ed.2d 1155. And at any rate, the doctor's records were admitted into evidence, and the jury likewise heard ample testimony from the victim's family immediately following the alleged rape.
Even if we were to find the remark improper, we would not be able to find any prejudice because the remark went to the rape count. Defendant admitted having intercourse with the victim, so her demeanor following that act was not particularly relevant, and the prosecutor's comment could not have prejudiced the defense in any way.
The second claimed instance of misconduct occurred in two parts. The state told the jury, "[w]e know he's out on the street at 1:30, two o'clock in the morning on the 17th of September with all the tools of the trade of a drug dealer." The defense objected to this remark and the court cautioned the jury to disregard the remark as "there's no suggestion here Mr. Kelly has dealt in narcotics at this time or any other time." The state then continued:
 The defendant had a gun on him. He had a pager. He had an electronic phone book. He had a cell phone. You decide what he was doing out there on the street that particular night * * * and what he was doing in front of Nathan Hale Middle School that Thursday before at about (sic.) eight o'clock in the morning.
The court overruled another objection.
As the court pointed out to the jury, there was no inference in the record that defendant had been dealing drugs. It is true that the victim and her friend both testified that defendant made slang references which they interpreted to mean as drug dealing. But those references had no relevancy to the charged sexual offenses, so the court correctly cautioned the jury to disregard the first comment by the state. Having been prohibited from stating directly that defendant had been dealing in drugs, the state went on to put it indirectly by telling the jury to decide for itself "what he was doing out on the street" in front of a middle school.
We view this second remark as more of the first, in an attempt to have the jury believe defendant had been dealing drugs. There was no evidence of drug dealing at all, and the court should have sustained the second objection. But the court's failure to do so did not render the jury's verdict suspect in any way. Just moments before the offending statement, the court gave the jury a strong cautionary statement that it should disregard any reference to defendant's involvement with drugs. There is no reason for us to think that the jury quickly disregarded that statement. The jury is presumed to follow cautionary instructions. Statev. Mason (2001), 143 Ohio App.3d 114, 120.
We also find there is no prejudice present from the remark. Defendant admitted having sexual intercourse with the victim, and his explanation that he thought the victim was nineteen held no water given that he met her outside her school yard just prior to the start of school. The state convincingly proved the offense of corruption of a minor. The reference to potential drug dealing would not have affected the outcome in any way. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and PATRICIA A. BLACKMON, J., CONCUR.