OPINION
{¶ 1} The appellant/defendant, Lisa J. Williams, appeals a judgment of the Union County Court of Common Pleas, whereby she was found guilty of one count of trafficking in marijuana, a violation of R.C.2925.03(A)(2), and of committing the offense within the vicinity of a school, which combined is a felony in the fourth degree. Based on the following, we now affirm the judgment of the trial court.
 {¶ 2} The facts and procedural history relevant to the instant appeal are as follows. On January 31, 2002, Detective Michael Coutts of the Union County Sheriff Department applied to the Marysville Municipal Court for a warrant to search the home of the appellant, located at 109 East Center Street in Milford Center, Ohio. The warrant, which was granted, also included permission to search the person of the appellant, along with the persons of Rick Reck, Lisa Williams, Regina Williams, Buck Williams, and Bob Williams, all of whom resided with the appellant. The search warrant was the culmination of a several-months long investigation of suspicious activity at the appellant's residence.
 {¶ 3} Based on information obtained from a confidential informant, Detective Coutts conducted surveillance of the appellant's home between May 26, 2000 and August 19, 2000. During that time period, he noted extensive vehicular traffic at the home. Although the initial investigation was terminated, surveillance was resumed in late January of 2002 after the informant again documented a large amount of vehicular and pedestrian traffic to the house between January 7, 2002 and January 23, 2002.
 {¶ 4} On January 26, 2002, after meeting with the confidential informant, Detective Coutts observed one of the vehicles previously spotted by the informant at the appellant's residence. The vehicle was stopped by police for failure to display a front license plate. The driver of the vehicle was arrested for underage possession of alcohol. Although no marijuana was found in the vehicle, officers noticed that it emitted a strong odor marijuana and found scented dryer sheets stuffed into the springs of the front seats. Joshua Booth and the appellant's son, Bob Williams, were passengers in the vehicle. Officers noticed an odor of marijuana about Mr. Booth's person. Additionally, Justin Rausch, the driver, admitted to the officers that he smoked marijuana at least once each week. However, none of the parties in the car implicated the appellant or her home in any way.
 {¶ 5} On January 29, 2002, the police conducted a search of students' lockers and vehicles at Fairbanks High School. Drug-sniffing canines alerted police to the presence of drugs in several vehicles, two of which bore license plate numbers that the informant observed at the appellant's home between January 7 and 23, 2002. Both vehicles were searched and two arrests were made as a result.
 {¶ 6} Detective Coutts' affidavit in support of his search warrant request summarized the occurrences outlined above and discussed his professional qualifications relevant to counter-narcotics investigations. Additionally, a supplement was attached to the affidavit that contained an exhaustive record of Detective Coutts' investigation, along with a summary and copies of some of the informant's handwritten notes. The supplement listed the times and dates when certain vehicles were seen at the appellant's residence, along with the amount of time the vehicles were at the home on each visit. It also contained the names and addresses of the owners of each of the vehicles that Detective Coutts was able to trace. A history of criminal charges against some of the people associated with the vehicles and the occupants of the residence was included. Many of the individuals had marijuana or other drug-related charges or convictions on their records.
 {¶ 7} The search warrant was executed at the appellant's residence, which uncovered a gallon-size freezer bag containing marijuana, a bag containing "roaches" or burnt marijuana cigarettes; and two containers holding marijuana. Also discovered was the appellant's purse, which contained $547 in cash, a bag of marijuana, and a notebook containing names and numeric figures. In the bedroom, police discovered a box of plastic sandwich bags, a digital scale on which was found marijuana residue, and a loaded .22 caliber handgun.
 {¶ 8} The appellant was indicted on one count of Trafficking in Marijuana in violation of R.C. 2925.03(A)(2). The indictment further alleged that the appellant committed the offense in the vicinity of a school in violation of R.C. 2925.03(C)(3)(b). Prior to trial, the appellant filed a Motion to Suppress Evidence and a Motion to Identify Informants. The trial court ultimately overruled both motions and the case proceeded to trial before a jury. The appellant was convicted as charged and sentenced to serve six months in jail and pay a five thousand dollar fine. The appellant now brings the instant appeal from her conviction and sentence, presenting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I {¶ 9} "The trial court erred when it failed to suppress evidence seized pursuant to a search warrant that was obtained without any foundation evidence upon which a neutral and detached magistrate could find probable cause to believe that evidence of a crime would be found 109 East Center Street, Milford Center, Ohio on or about February 4, 2002."
 {¶ 10} In her first assignment of error, the appellant asserts that the search warrant granted by the Marysville Municipal Court was based on insufficient evidence to find probable cause and was, thus, invalid. We disagree with the appellant.
 {¶ 11} When determining whether sufficient probable cause is provided in an affidavit in support of a search warrant, the issuing magistrate must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[1]
 {¶ 12} "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a denovo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant."[2]
 {¶ 13} The appellant contends that the affidavit is insufficient because it contains no information beyond the speculations of the undisclosed informant, whose veracity is in no way corroborated. The appellant correctly points out that a search warrant based on the assertions of an unknown informant must be supported by additional corroboration.[3] That heightened level of corroboration was provided in the instant case through Officer Coutts' independent investigation of the activity at the appellant's house. The undisclosed informant's information combined with Officer Coutts' independent investigation, the drug search at the school, and Officer Coutts' expertise in counter-narcotics provided the magistrate with a substantial basis for finding probable cause. Accordingly, the appellant's first assignment of error is hereby overruled.
 ASSIGNMENT OF ERROR NO. II {¶ 14} "The Prosecutor engaged in prosecutorial misconduct when he commented on the defendant's failure to testify, and thus deprived Ms. Williams of due process of law and a fair trial, in violation of theFifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article 1, §§ 10 and 16 of the Ohio Constitution."
 {¶ 15} The appellant contends that the prosecution violated her constitutional rights by commenting on her failure to testify in its closing argument to the jury. We agree with the appellant that the prosecutor's comments were inappropriate but do not find that they warrant a reversal.
 {¶ 16} In closing arguments, the prosecutor made the following statements:
 {¶ 17} "Now, ladies and gentlemen, common sense says that if the police are in your home, going through your items with a valid search warrant, that a common-sense individual, they want that person to stop and say, you know what? You've got the wrong person. You didn't hear it that day, didn't hear it for four months. This was February 4th 2002. Didn't hear it for four months. Today is the first time the State has ever heard this hypothetical, imaginative other uses for marijuana. Four months went by ladies and gentlemen. Not a single word, not a single phone call to Detective Coutts, or anyone else, to explain any of this. But it's been four hours in the concoction to point the finger at ghost people who aren't here today."
 {¶ 18} It is well settled that comments by the prosecution regarding a defendant's refusal to testify violate the accused'sFifth Amendment right to remain silent.[4] However, it is also true that a defendant's conviction need not be reversed where it is "clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found the defendant guilty."[5]
 {¶ 19} The state has suggested that the prosecutor's comments were not inappropriate because the appellant was never actually arrested and taken into custody during the pendancy of the proceedings against her. We are not persuaded by this argument. Notwithstanding the fact that the appellant was not in police custody prior to the trial, she was charged with a crime. Furthermore, the prosecutor's comments are broad enough that they could be construed as a comment on the appellant's decision not to testify at trial, which clearly violates her Fifth Amendment rights. Notwithstanding the prosecutor's misconduct, we find it clear beyond a reasonable doubt that the jury would have found the appellant guilty based on the evidence presented at trial.
 {¶ 20} The state presented uncontroverted evidence through Detective Coutts' testimony regarding the items uncovered in the appellant's bedroom and in her purse. Furthermore, according to Detective Coutts, when the officers arrived at the appellant's home to execute the warrant, she produced a safe from her bedroom and stated, "this is what you are looking for. It's all in here." She then provided the key for the safe from her key ring. Officers discovered the gallon-size freezer bag containing marijuana, the bag containing "roaches;" and the two containers holding marijuana inside the safe. While the officers searched, the appellant made a phone call and said, "I'm going to jail. Get me an attorney. I know [sic] this was going to happen with all the kids coming and going."
 {¶ 21} Although the appellant's attorney suggested on cross-examination that the drugs uncovered on the premises may have belonged to other residents or that it may have been only for personal use, no direct evidence was presented to corroborate this theory. The state's evidence was sufficient to convince a jury beyond a reasonable doubt of the appellant's guilt.
 {¶ 22} Accordingly, the appellant's second assignment of error is not well taken and is hereby denied.
 {¶ 23} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and WALTERS, J., concur.
[1] State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, quoting Illinois v. Gates (1983), 462 U.S. 213, 238-239.
[2] Id., at paragraph two of the syllabus, citing Gates,462 U.S. 213.
[3] See United States. v. Martinez-Torres, (1982) 556 F. Supp. 1236.
[4] State v. Thompson (1987), 33 Ohio St.3d 1, 4, citing Griffin v.California (1965), 380 U.S. 609.
[5] Id., citing State v. Smith (1984), 14 Ohio St.3d 13, 15.