This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lamonta McCoy ("Appellant"), appeals a denial of a motion for post conviction relief in the Summit County Court of Common Pleas following his conviction and sentencing for attempted rape and furnishing alcohol to a minor. We affirm.
 I.
{¶ 2} Many of the facts of this case are contested; however it is certain that on the evening of September 25, 2000, T.M., her friend P.P.,[1] Appellant, and his friend, Donald Bailey were riding around the Akron area in Appellant's car, and all participants were doing so willingly. It is undisputed that twice during the evening, Appellant drove through a beverage drive-through in order to purchase alcoholic beverages, which were shared among the vehicle's occupants. It is also undisputed that at some point during the evening, Appellant drove to Steve's Motel on Massillon Road where it was possible to rent rooms hourly, and where T.M. accompanied Appellant to the office where he purchased access to two separate rooms. Both Appellant and T.M. testified that she wondered aloud "why we're going here, I am not doing anything." T.M. claims that she so stated because she did not wish to have sex with Appellant. Appellant claims that T.M.'s primary concern was getting home before her curfew time, and he assured her she would not be late because they would not be at the motel for a long time. It is undisputed that Appellant and T.M. went to one room, and P.P. and Donald went to another.
{¶ 3} It was T.M.'s testimony that Appellant forced his attentions upon her against her will. She said he did so by kissing her, exposing himself, laying on top of her, pulling down her pants and performing oral sex upon her. She also claimed that he attempted penetration, but she was able to deter him. Appellant's testimony differed in that he stated that T.M. invited the oral sex, and when that was complete, she refused to engage in any further sexual activity. By Appellant's admission, her refusal angered Appellant; he admitted making threats to T.M., threats that he claimed he later regretted and for which he later apologized.
{¶ 4} From the events of that evening, Appellant was indicted for rape in violation of R.C. 2907.02(A)(2), intimidation of a witness in violation of R.C. 2921.04(B), and three counts of furnishing alcohol to a minor in violation of R.C. 4301.69(A). During the discovery phase of the proceedings, Appellant's attorney moved for disclosure of the prosecution's witness list, along with any felony records of the proposed witnesses. A list was provided, but certain felony records of one witness, T.M.'s mother, were not disclosed. In March of 2001, the case went to a jury trial.
{¶ 5} At the trial, P.P. testified that when they arrived at Steve's Motel, T.M. said, "I don't know why we're here because we're not going to do anything." P.P. also confirmed that T.M. accompanied Appellant to the motel office, and went with him to a motel room. P.P. further testified that afterward, when Appellant dropped P.P. and T.M. at P.P.'s house, T.M. started crying and said Appellant raped her. P.P. also stated she witnessed T.M. and Appellant arguing and swearing at each other.
{¶ 6} Donald Bailey testified to the car ride, and claimed that the conversation in the vehicle centered around sex. Donald corroborated the alcohol consumption and the arrival at the motel. He testified that T.M. went with Appellant to the motel office to purchase two rooms, and that T.M. and Appellant went into one room together. Donald further testified that he went to T.M. and Appellant's room and saw T.M. sitting on the bed, and there did not seem to be anything amiss. Donald claimed that later, when he and P.P. were in the other room, T.M. knocked on their door asking them to hurry because it was late and her grandmother would be angry with her, and it was time to leave.
{¶ 7} T.M.'s mother, ("Mother") testified that at four in the morning on September 26, 2000, she was awakened by the sound of T.M. and T.M.'s grandmother arguing about the fact that T.M. had not completed her chores the evening before. Mother arose from bed to investigate, and she testified that T.M. seemed uncharacteristically upset at that time. Mother questioned T.M., and T.M. told Mother that Appellant had raped her. Mother contacted the police and accompanied T.M. to Children's Hospital for a physical exam. Mother testified that for three weeks afterward, T.M. would not go out of her room, she cried all the time, and she would sleep fully dressed and with her shoes on. Further, Mother said that T.M. would not go out alone for fear of Appellant, she questioned why God would allow such a thing as the rape to happen to her, she could not concentrate in school, and reported having feelings of helplessness. Nonetheless, Mother said no follow-up counseling was obtained for T.M.
{¶ 8} The nurse who conducted the physical exam testified that there was no physical evidence of trauma generally associated with rape, but penetration may have occurred regardless. A technician from the Bureau of Criminal Investigation testified that the crotch of T.M.'s underpants, which she had worn the evening of September 26, 2000, was covered with a chemical found in saliva. The technician further stated that DNA testing revealed Appellant was the source of the saliva.
{¶ 9} In the end, the jury found Appellant guilty of attempted rape and furnishing alcohol to minors. Appellant moved for post conviction relief, claming that the trial was unfair due to prosecutorial misconduct stemming from the prosecution's failure to disclose Mother's felony record.[2] The motion was denied. Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT MCCOY'S MOTION FOR A NEW TRIAL BASED ON PROSECUTORIAL MISCONDUCT, A VIOLATION OF APPELLANT MCCOY'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS, AND RIGHTS UNDER ART. ONE, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO, AND MATERIALLY AFFECTED APPELLANT MCCOY'S SUBSTANTIAL RIGHTS."
{¶ 10} In his sole assignment of error, Appellant claims that the failure of the prosecution to provide the felony record of Mother, as requested in discovery, precluded a fair trial because Mother was an important witness and the opportunity to discredit her through her felony record was lost.
 "Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney." Crim.R. 16(B)(1)(e).
 "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
"***
 "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state[.]" Crim. R. 33(A)(2).
{¶ 11} A defendant's substantial rights are materially affected when those rights are prejudiced by the misconduct of the prosecutor.State v. Smith (1984), 14 Ohio St.3d 13, 14. In cases alleging prosecutorial misconduct, "appellate courts must consider that `the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" State v. Lute (Nov. 22, 2000), 9th Dist. No. 99CA007431, at 13-14, appeal not allowed (2002), 91 Ohio St.3d 1480, quoting Smith v.Phillips (1982), 455 U.S. 209, 219, 71 L.Ed.2d 78. Prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239, 266. It is necessary to review the entire case to determine the effect of prosecutorial misconduct. Id.
{¶ 12} R.C. 2907.02(A)(2) provides that: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." "Sexual conduct" is defined by R.C. 2907.01(A) as: "vaginal intercourse between a male and female; *** fellatio, and cunnilingus between persons regardless of sex. *** Penetration, however slight, is sufficient to complete vaginal *** intercourse."
{¶ 13} Anyone with sufficient purpose to commit a rape and who engages in conduct which, if successful, would violate R.C. 2907.02, is guilty of attempted rape. R.C. 2923.02(A). "To be guilty of attempted rape, the perpetrator must take a substantial step in a course of conduct planned to culminate in a rape." State v. Hartsook (Mar. 6, 1991), 9th Dist. No. 14769, at 3. "A substantial step involves conduct strongly corroborative of such a purpose." Id., citing State v. Henderson (1988),39 Ohio St.3d 24, 27. "The act required need not constitute the last possible event short of completing the crime." Id., citing State v.Farmer (1951), 156 Ohio St. 214, 216.
{¶ 14} We begin our discussion by noting that although Appellant moved the court for disclosure of witness information pursuant to Crim.R. 16, and although the appellee concedes that it did not furnish Mother's felony record, there is no indication in the trial record that the trial court ever granted Appellant's motion. However, this is not raised in argument, and both parties have proceeded as though the motion was granted, and so this Court will not address the issue further.
{¶ 15} Appellant was convicted of attempted rape and furnishing alcohol to a minor. As regards the attempted rape, the prosecution had the burden to show that Appellant took a substantial step involving conduct strongly corroborative of such a purpose. The prosecution offered testimony from sources other than Mother regarding activity that the jury could construe as such a substantial step. Further, Mother's testimony did not concern any activity leading up to the events in the motel room, but only corroborated T.M.'s charge of rape, a charge for which the jury did not convict, nor did Mother provide any testimony regarding the alcohol charge. Therefore, we find that Appellant has not demonstrated that his substantial rights were materially affected by prosecutorial misconduct, or that his trial was unfair. Appellant's assignment of error is overruled.
 III.
{¶ 16} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
[1] T.M. and P.P. were both minors at the time of the events surrounding this case, and so this court uses only their initials to shield their identity.
[2] Appellant's case has been before this court twice before. In the first instance, the state appealed when the trial court granted a motion for a new trial based upon ineffective assistance of counsel. We reversed in our Case No. 20656. See State v. McCoy (Jan. 30, 2002), 9th Dist. No 20656. Appellant then appealed his conviction as against the manifest weight of the evidence. We affirmed the judgment in Case No. 21017. SeeState v. McCoy, 9th Dist. No. 21017, 2002-Ohio-6761.