JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Marcus Hale appeals his conviction for possession of cocaine, trafficking in cocaine, and conspiracy. Because we conclude that his assignments of error are without merit, we affirm the judgment of the trial court.
Beginning in February 2003, Officer James High worked to arrange the undercover purchase of cocaine. High was introduced to Robert Mitchell through a telephone call with a confidential informant. Eventually, High and Mitchell participated in telephone calls without the informant. After series of calls and cancelled meetings, High and Mitchell agreed to meet on March 10 at the Tri-County Mall, where Mitchell would sell High ten ounces of cocaine. Based on Mitchell's comments during the phone calls, High determined that Mitchell was a middleman and that the cocaine was coming from Dayton.
Police officers set up surveillance in the area. Mitchell arrived in the Tri-County Mall area in a van driven by Tony Whiting. The officers observed the van meeting with a silver car in the parking lot of a gas station. When police officers checked the registration of the car, they determined that it was from Dayton. The silver car was driven by Hale; Ryan Carpenter was the passenger in the car. While at the gas station, Carpenter left the car and walked over to the van. After talking to the occupants of the van, he returned to the car. The car was then seen driving behind a line of stores in a strip mall. The occupants of the car again met with Mitchell and Whiting. Both vehicles went to the parking lot of a store across the street from the mall. Carpenter again exited from the car. This time he entered the van. The van headed to a restaurant near the mall, where Mitchell had agreed to meet High. The car driven by Hale was seen following the van. Hale parked the car in the lot of a music store not far from the restaurant where the drug sale was to occur. While the transaction between Mitchell and High was happening, Hale entered the music store and a nearby bookstore. When he was not in the stores, he intently looked over to where the transaction was to occur.
Eventually, the police officers conducting the surveillance moved in to arrest Mitchell, Whiting and Carpenter. Hale was also arrested. At the time of the arrests, Hale had $5,030 in cash. When asked by police officers if he had come to Tri-County alone, he stated that he had gone shopping alone.
Hale was indicted for possession of cocaine in violation of R.C.2925.11(A), trafficking in cocaine in violation of R.C. 2925.03(A)(2), trafficking in cocaine in violation of R.C. 2925.03(A)(1), and conspiracy in violation of R.C. 2923.01(A)(2). The case was tried before a jury. At the end of the trial, the jury found Hale guilty of all the charges except trafficking in violation of R.C. 2925.03(A)(1). The trial court sentenced him to eight years for possession and eight years for trafficking, to be served concurrently. The trial court did not impose a sentence for conspiracy.
Hale's first assignment of error is that his conviction was not supported by sufficient evidence and that it was against the manifest weight of the evidence.
A sufficiency argument challenges whether the state presented adequate evidence on each element of the offense.[1] On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence, we sit as a thirteenth juror to determine whether the jury clearly lost its way and created a manifest miscarriage of justice.[2]
The offenses of possession and trafficking require that the defendant have acted with knowledge.[3] Hales now argues that the state offered no evidence that he possessed the cocaine that was offered for sale to High or that he knew that he was involved in drug trafficking. He directs us to United States v. Cartwright, in which the United States Court of Appeals for the Third Circuit reversed the defendant's conviction because the evidence presented at trial did not support the inference that the defendant knew that he was participating in a transaction involving a controlled substance.[4]
Circumstantial evidence possesses the same probative value as direct evidence.[5] Here, the state presented an abundance of circumstantial evidence that Hale was clearly involved in the transaction that occurred on March 10. In contrast to Cartwright, the evidence of Hale's level of involvement exceeded that of the defendant's involvement in Cartwright.
The state provided ample evidence that Hale possessed the cocaine and that he knew that he was involved in a drug transaction.
We therefore conclude that the state presented sufficient evidence of each element of possession, trafficking, and conspiracy. Further, having thoroughly reviewed the record, we can not say that the jury clearly lost its way in finding Hale guilty. The first assignment of error is overruled.
In his second assignment of error, Hale argues that his conviction should be reversed due to prosecutorial misconduct during closing arguments. In reviewing a case for prosecutorial misconduct, we must consider whether the statements made by the prosecutor were improper, and if so, whether the prosecutorial impropriety prejudicially affected the defendant's substantial rights.[6]
At trial, Hale's counsel objected to only one of the statements that he now argues were improper. The prosecutor stated, "So Carpenter is acting as a go-between between Mitchell and Hale. Hale is, in all likelihood, Carpenter's source of the dope. It's very clear. And if you think about it, you know, most men don't call their buddy forty-five times on the cell phone to chat." We conclude that the prosecutor's statements were fair comment on what the evidence adduced at trial showed.
Hale argues that other statements made during the prosecutor's closing argument amounted to prosecutorial misconduct. None of the remaining statements were objected to at trial. Accordingly, we must review the statements to determine whether they amounted to plain error.[7] We may recognize plain error only if it is clear that Hale would not have been convicted absent the improper statements.[8] Having reviewed the record, we conclude that the prosecutor's statements were not improper and that, even if they were improper, the evidence was such that we can not say that Hale would not have been convicted had the statements not been made. The second assignment of error is without merit.
Hale claims in his third assignment of error that the trial court erred in resubmitting the case to the jury after it had made no finding about the amount of drugs involved in the case. The verdict forms provided to the jury contained a line for the jury to indicate whether it found that the amount of cocaine exceeded 100 grams but was less than 500 grams. Earlier in the trial, Hale had stipulated that the weight of the cocaine was 273.26 grams. But when the jury returned its verdict, the trial court noticed that the line had not been checked. The trial court reinstructed the jury to be certain that it knew that it had to check the line if it found the amount of cocaine was between 100 and 500 grams. The court also made clear to the jury that if it did not find that the evidence proved that there was between 100 and 500 grams of cocaine involved, it should leave the line blank. The jury deliberated further and returned the verdict forms with the line checked. We conclude that the trial court properly instructed the jury and that Hale was not unfairly prejudiced by the reinstruction.[9] The third assignment of error is overruled.
Hale's final assignment of error is that cumulative errors deprived him of a fair trial. Having determined that there were no prejudicial errors in his trial, we conclude that Hale was not deprived of a fair trial. The fourth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[2] See id. at 387.
[3] R.C. 2925.11(A); R.C. 2925.03(A)(2).
[4] (C.A.3, 2004), 351 F.3d 281.
[5] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus.
[6] State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883.
[7] State v. Kelly, 1st Dist. No. C-010639, 2002-Ohio-6246.
[8] Id.
[9] See State v. Young (May 14, 1986), 1st Dist. No. C-830757.